MINERVA MERRELL, Plaintiff in Error, *v.* RICHARD ATKIN, Defendant in Error.

### ERROR TO MARION.

If tenants have paid rent to one who has no right to receive it, they may be compelled to pay by a suit at law, or by distraining their property. Chancery is not a proper remedy.

THE original bill was filed by Richard Atkin, complainant, against Minerva Merrell, L. B. Rothchild, and Henry Gibbs, defendants.

The bill states, that said Atkin is owner in fee of part of Lots 1 and 2, Block 1, Square 4, in Salem, Marion county, Illinois. That said premises were two tenements occupied by defendants, Rothchild and Gibbs.

That complainant as owner was entitled to the rents from 1st June, 1859. That defendants, Rothchild and Gibbs, were the tenants. That complainant applied to them for the rents. That they combining with defendant, Minerva Merrell, refused to pay said rents. That said tenants paid the same to said Merrell. That they paid without authority from complainant. That said Merrell received of rents, $210.75. That said Minerva Merrell refuses to pay the same over to complainant. Prays answer. Prays injunction, and general relief. Bill sworn to.

March 22, 1860. Rule on defendants to answer.

March 26, 1860. Order *pro confesso* as to defendants, Rothchild and Gibbs.

April 3, 1860. Answer of Minerva Merrell filed.

September 1, 1860, amended answer filed. States and denies complainant is owner of the premises, or entitled to their possession. Admits he is grantee thereof, from one John V. Davenport; denies he is entitled to the possession or to the rents; avers complainant holds the legal title in trust for the parties thereinafter named; states how complainant derived title.

Avers complainant never paid one cent for said lots, but took the conveyance in fraud of defendant's rights as widow

of Merrell, and of Merrell's heirs, and now pretends to be owner of same, while in fact said Merrell died seized of an equitable estate therein which descended to his heirs.

That said Merrell died 11th April, 1859, intestate leaving defendant, his widow, one son, Leander Merrell, and two daughters, Anne E., wife of complainant, and Adelia, a minor. That defendant is guardian of said minor, and was such at the time of filing complainant's bill. That defendant and W. W. Williard are administrators of said Merrell. Admits two business tenements on said lots, and that they are occupied by Rothchild and Gibbs. That they rented the same from Merrell.

Avers complainant in equity is entitled to the rents. Admits receiving the rents stated; denies such reception was in fraud of complainant, or that complainant is entitled to them.

That before Merrell's death, the Davis mortgage was foreclosed, decree for sale had, and sale had on 11th June, 1859, (after Merrell's death). S. C. Davis & Co. purchased. Though time for redemption is passed, no deed made, nor any judgment creditor redeemed. That S. C. Davis & Co. have consented to extend the time for redemption to 1st March next, and that defendant and Willard are trying to pay off same, and expect to do so.

Submits whether complainant is entitled to the lots in bill and their rents until the time for redeeming the Marshall farm has expired, and the term of said mortgage has ripened into adverse title. Submits whether complainant is entitled to possession of the Marshall farm and the rents of the said lots.

That complainant was not damaged, and by the Davis mortgage, at time of filing his bill.

That when complainant took the deed of said lots from Davenport, he knew defendant's right thereto as widow, and of Merrell's heirs, and now claims to own them, while in truth he is entitled to no equitable relief.

That the lots in bill are worth $2,500; the Davis debt is $1,218.96, and interest from sale.

Submits whether said heirs of Merrell are not necessary parties.

Prays dissolution of injunction, and costs, etc.

Answer sworn to.

Replication filed 4th March, 1861. April 1, 1861, final decree. That the injunction be perpetual. That defendant, Minerva Merrell, pay complainant $210.75, with costs. That execution issue.

No testimony was taken.

S. L. BRYAN, for Plaintiff in Error.

R. S. NELSON, for Defendant in Error.

CATON, C. J. This is a bill in chancery to recover certain rents alleged to have been wrongfully paid by the tenants to the defendant. The answer to this bill is manifest. The complainant's remedy is at law. If he is entitled to the rents, he can recover them in an action, or he may distrain for them. If the tenants have wrongfully paid the rents to the defendant, that would constitute no defense to a recovery by the complainant if he is entitled to them.

It may be remarked, that if this bill showed a proper case for relief, this decree would have to be reversed for want of proper parties. The answer which is sworn to, discloses the fact that the heirs are interested, and should have been made defendants. The complainant should have amended his bill and made them parties.

The decree must be reversed, and the bill dismissed.

*Decree reversed.*