## Sophia Barkman v. John G. Barkman.

1. DIVORCE—*Modification of Decrees for Alimony After the Term.*—Where, in a decree for divorce, the wife is given a sum in gross, for alimony, it is to be held in full discharge and satisfaction of all claims for future support, and so far as the decree relates to that subject, it is at an end, and the court has no jurisdiction to modify it at a subsequent term.

**Divorce and Alimony.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.    Heard in this court at the October term, 1900.    Reversed.    Opinion filed April 8, 1901.

MASTERSON & HAFT, attorneys for appellant.

J. R. BECKETT and KITT GOULD, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

On a bill for divorce filed by appellant against appellee, her husband, she procured a decree on the 20th day of October, 1899, finding appellee guilty of cruelty, that he was possessed of property of the value of more than $12,000, dissolving the marriage, and directing the defendant to execute to complainant a lease for two years of a flat (describing it) and to pay complainant $250 solicitor's fees, and " the sum of $4,000 as and for alimony in full, said $4,000 to be paid," $25 in ten days, $25 in twenty days, $1,950 on or before thirty days, and $2,000 on or before sixty days from the entry of the decree.    The decree makes no other pro-

vision as to alimony or the property interests of the parties.

Thereafter, on April 9, 1900, pursuant to a petition of appellee filed on the 23d day of December, 1899, at a different term of the court than that at which the decree was rendered, the court modified said decree by adding after the words "alimony in full," the following:

"And in lieu of the dower and homestead rights, claims and demands of said Sophia Barkman by virtue of said marriage in and to the real estate of said John G. Barkman, that all the rights and demands of said Sophia Barkman by virtue of said marriage in and to said real estate and all her dower and homestead rights thereto and therein are hereby determined and settled and hereby cease to exist."

The hearing upon which the above modification of the decree was made, was upon the petition of appellee, the answer of appellant thereto, and certain affidavits, and it does not appear that said modification had any other basis for its support.

The modification of the decree is clearly one of substance, relating, as it does, to a fixed right of dower and homestead of the wife in the real estate of her husband, and not to the alimony which was allowed by the decree, and the court was without jurisdiction to make it. Plaster v. Plaster, 47 Ill. 290; Cole v. Cole, 142 Ill. 19; Shaw v. Shaw, 59 Ill. App. 268.

By the 14th section of the chapter on Dower (Hurd, 1897) appellant's right of dower, notwithstanding the divorce, is preserved to her, the divorce being for the husband's fault.

It is true that under the 18th section of the divorce act (Hurd, 1897) the court, on decreeing a divorce, may make such order touching the alimony and maintenance of the wife as from the circumstances of the parties and the nature of the case shall be fit, reasonable and just, and may, on application, from time to time make such alterations in the allowance for alimony and maintenance as shall appear reasonable and proper; but when the term has passed at which the decree was rendered, the court has no more power over a decree of divorce and alimony than it has over any other

decree, except to change it because of the changed circumstances and condition of the parties which may take place after the rendition of the decree. No change in the condition or circumstances of the parties since the rendition of the original decree is shown by this record, and the basis of the claim for the modification of the decree is the mistake of the solicitor of appellee and of the court.

In the Plaster case, *supra*, where a gross sum for alimony was allowed, the court held that it was in full for all claim of future support by the wife upon her husband and could not be changed after the lapse of the term.

In the Cole case, *supra*, which was an application to change a decree for alimony after the term, because of the alleged subsequent unchastity of the wife, the court refused to modify the decree, holding that the allowance should not be taken away though her conduct was flagrant, and say: " The courts will not interfere to alter or modify allowances of alimony except in cases where equity calls clearly for the interposition."

In the Shaw case, *supra*, the court say:

" Where, in a decree for divorce, the wife is given a sum in gross as for alimony, it is held to be in full discharge and satisfaction of all claim for future support. So far as the decree relates to that subject, it is at an end, and the court has no jurisdiction to modify it at a subsequent term."

Appellee relies especially upon the case of Adams v. Story, 135 Ill. 457, as justifying the modification made by the court, apparently upon the theory that the provision made by the original decree was given in lieu of dower. We think the contention is not sound, as there is nothing in the decree which supports the claim that the allowance was for anything but alimony, whereas in the Story case the allowance, which was an annual payment, was " for so long as she may be and remain sole and unmarried," and was held to be a provision for life, if she remained unmarried, and hence continued beyond the death of the husband. The court, among other things, says : " Under our statute the mere entry of the decree for divorce had no effect to deprive her of her inchoate right of dower." The

same is true with reference to the wife's right of homestead of which she can not be deprived except in the mode pointed out in the statute. (Hurd, 1897, Chap. 52, Sec. 4 and 5.) The court in the original decree did not attempt to dispose of the homestead estate of appellant, as it might have done under the statute.

The order of the Circuit Court modifying the decree of October 20, 1899, is reversed.