SOPHIA BARKMAN

*v.*

JOHN G. BARKMAN.

*Opinion filed April 20, 1904.*

1. RES JUDICATA—*when judgment of Appellate Court is not res judicata.* A judgment of the Appellate Court reversing a decree of the circuit court in a divorce case upon the sole ground that the court was without jurisdiction, after the term at which the decree was rendered, to amend the same by adding a provision terminating complainant's homestead and dower rights, is not *res judicata* as to such rights in a subsequent suit involving them.

2. DIVORCE—*disposition of homestead must be according to statute, if decree is silent.* In decreeing a divorce the court may dispose of the homestead estate according to the equities of the case, but if the decree is silent upon that question the homestead must be disposed of as directed by the statute.

3. SAME—*when homestead estate remains in the husband after decree of divorce.* Where a decree of divorce for extreme and repeated cruelty of the husband makes no specific disposition of the homestead estate the latter remains in the husband, if he holds the record title, discharged of all claims of the wife. (*Stahl v. Stahl*, 114 Ill. 375, followed.)

4. SAME—*desertion of husband may be considered in disposing of homestead estate.* In exercising its discretion to dispose of the homestead estate "according to the equities of the case," the court, in granting a decree of divorce, may consider the desertion of the husband.

APPEAL from the Circuit Court of Cook county; the Hon. E. O. BROWN, Judge, presiding.

This is an appeal from an order of the circuit court of Cook county sustaining a demurrer to appellant's bill of complaint, and dismissing the same, as amended, for want of equity.

The amended bill sets up facts substantially as follows: The complainant and defendant were married in 1874, and had lived, for several years prior to the filing of said bill, in a three-flat building in Chicago, occupying the upper flat. This property was owned in fee by defendant. The bill alleges that on several occasions

the defendant had deserted complainant, and finally she filed her bill for divorce, charging cruelty. On October 20, 1899, complainant was awarded a divorce on the ground of cruelty, and by an injunction defendant was ordered to desist from interfering with or molesting complainant in the enjoyment and possession of the flat which she occupied, pursuant to the provisions of the decree. The decree of divorce gave complainant $4000 as and for alimony in full, $250 solicitor's fee, and decreed that the defendant execute and deliver to her a lease of the flat previously occupied by them, from the date of said decree to November 1, 1901, and also gave her the custody of two minor children. After the entry of this decree and after the expiration of the term at which it was rendered, defendant (appellee) filed his petition in said cause, asking that the decree be so modified that it should specifically terminate the dower and homestead rights of complainant, and the prayer of the petition was by the circuit court granted. From that order an appeal was taken to the Appellate Court, where it was held that the decree could not be modified after the term at which it was rendered, and the order of the circuit court was reversed.

The lease to appellant was given her as provided by the decree, she signing and accepting the same. At the expiration of the period provided in the lease appellee brought forcible detainer proceedings against appellant. Appellee was successful in this forcible detainer proceeding in the circuit and Appellate Courts, and now appellant seeks to enjoin appellee from suing on the forcible detainer bond, and also asks that a homestead be set off to her in the said premises.

MASTERSON & HAFT, for appellant:

Where some controlling fact or question material to the determination of the cause of action has been adjudicated in a former suit by a court of competent jurisdic-

tion and the same fact is again at issue between the same parties, its adjudication in the first will, if properly presented, be conclusive of the same question in the latter suit, irrespective of whether the cause of action is the same in both suits or not. This doctrine is not limited to matters necessarily involved in the litigation, but it is equally applicable whether the point was itself the ultimate vital point, or only incidental but still necessary to the decision of that point. *Wright* v. *Griffey*, 147 Ill. 496; *Attorney General* v. *Railroad Co.* 112 id. 521; *Goltra* v. *Green*, 98 id. 317.

The principle of *res judicata* extends not only to questions of law and fact which are decided in a former suit, but also to the grounds of recovery or defense which, under the issues, might have been, but were not, presented. *Harmon* v. *Auditor*, 123 Ill. 122; *Roby* v. *Calumet Dock Co.* 165 id. 277.

Where the wife of a party having a homestead right obtains a divorce from him, she being the meritorious cause thereof, and the custody of their children is committed to her, she becomes the head of the family, and the homestead right passes to her as such, by operation of the statute. (*Bonnell* v. *Smith*, 53 Ill. 375; *Sellon* v. *Reed*, 5 Biss. 125; *Vanzant* v. *Vanzant*, 23 Ill. 485; *Rendleman* v. *Rendleman*, 118 id. 257; *Lynn* v. *Sentel*, 183 id. 382; *Hagerty* v. *Hagerty*, 149 id. 655.) And this, too, although for his fault she was not residing on the homestead at the time of the divorce. *Bonnell* v. *Smith*, 53 Ill. 375.

When the husband, being the owner of the fee of the homestead premises, deserts his wife, the right which the law devolves upon the wife is an exclusive estate, which she may enjoy without interference from her delinquent husband. *Alexander* v. *Alexander*, 52 Ill. App. 196.

Where a wife deserted by her husband remains in occupancy of the homestead she will be entitled to the rents, and if a tenant pays the husband the rents accruing during the period of her exclusive right of enjoyment, it will

be no bar to her demand for it from such tenant. *Alexander* v. *Alexander*, 52 Ill. App. 196.

KITT GOULD, for appellee:

Where a decree of divorce is silent as to the homestead rights, the divorced wife has no interest in her husband's property. *Rosholt* v. *Mehus*, 23 L. R. A. 239; *Stahl* v. *Stahl*, 114 Ill. 375; *Burns* v. *Lewis*, 86 Ga. 591; *Redfern* v. *Redfern*, 38 Ill. 510; *Wiggin* v. *Buzzel*, 58 N. H. 329; *Brady* v. *Kreger*, 8 S. Dak. 464; *Hetor* v. *Sawyer*, 60 Vt. 495; *Kent* v. *McCann*, 52 Ill. App. 305; *Story case*, 135 Ill. 448.

A divorced wife is not the widow of her divorced husband, therefore does not become entitled to the rights which the statute gives to a widow. *Kent* v. *McCann*, 52 Ill. App. 305; *Stahl* v. *Stahl*, 114 Ill. 375; *Rosholt* v. *Mehus*, 23 L. R. A. 239.

A homestead in this State is a freehold. The Appellate Court had no jurisdiction to decide whether or not Sophia Barkman had a homestead in the premises. *Snell* v. *Snell*, 123 Ill. 403; *Hart* v. *Burch*, 31 Ill. App. 22; *Fizette* v. *Fizette*, 37 id. 536; *Magoon* v. *Magoon*, 15 id. 629; *Browning* v. *Harris*, 99 Ill. 456; *Snyder* v. *Nelson*, 101 Ill. App. 609.

Where a court passes on a case in which it has no jurisdiction, its act is nugatory and of no force or effect. *Johnson* v. *Logan*, 68 Ill. 313; *McClurken* v. *McClurken*, 46 id. 328; *Bacon* v. *Schepflin*, 185 id. 122; *Brackett* v. *People*, 115 id. 29; *Dunham* v. *Dunham*, 57 Ill. App. 475; *Riverside Co.* v. *Townshend*, 120 Ill. 9; *Kenney* v. *Greer*, 13 id. 432; *Munroe* v. *People*, 102 id. 406; *McCartney* v. *Osburn*, 118 id. 403.

Mr. JUSTICE RICKS delivered the opinion of the court:

Appellant sets up in her bill the proceedings in *Barkman* v. *Barkman*, 94 Ill. App. 440, and insists that the judgment of the Appellate Court in that case is *res judicata* of the question of homestead here involved. In this contention we think appellant misapprehends the effect of that proceeding. It was supplemental to the original

decree of divorce, and sought to change the same by add-
ing to an order cutting off appellant's dower and home-
stead, and a holding was made in the circuit court that
the granting of alimony in the sum of $4000 in gross and
the order for the lease to appellant of the homestead for
two years were in lieu of and in full of all rights of ali-
mony, homestead and dower. The only question before
the Appellate Court was the power of the circuit court
to change the decree in these regards at a term subse-
quent to the term at which the original decree was en-
tered. The Appellate Court held the circuit court had
no such power, and for that purpose did not have juris-
diction of the cause. Having found that the circuit court
did not have jurisdiction and having reversed the decree
of the circuit court upon that ground, that ended the
duty and power of the Appellate Court, and anything
said by the Appellate Court in its opinion as to the
rights of the parties as to homestead and dower was
aside from the question before it, and cannot be urged
as *res judicata* when those questions are raised properly
in a court having jurisdiction. The judgment of the Ap-
pellate Court left the original decree of the circuit court
for divorce and alimony stand as a final decree. By the
latter decree appellant, out of an estate of about $12,000
possessed by appellee, was awarded $4000 alimony and
$250 solicitor's fee, and given, free of rent, a lease on the
premises here claimed as a homestead, for two years.
That decree was silent as to dower and homestead rights
of appellant, except that the two years' lease was pro-
vided for.

In an action of divorce the court has full and com-
plete jurisdiction of the parties and the subject matter,
and it may decree the payment of money in such amounts
and in such manner as to it appears just and equitable.
By the statute (Hurd's Stat. 1901, chap. 52, sec. 5,) it is
provided: "In case of a divorce the court granting the
divorce may dispose of the homestead estate according

to the equities of the case." The "equities of the case" may require that it be given for life, or, as in this case, for but a limited time, and where the decree makes no specific disposition of the homestead, its disposition must be as directed by statute. *Stahl* v. *Stahl,* 114 Ill. 375.

The case just cited is decisive of this case. In that case Catharine Stahl had obtained a divorce from Christian Stahl for extreme and repeated cruelty. The decree was silent as to homestead and dower rights. The circuit court having held that Catharine Stahl, the divorced wife of Christian Stahl, was entitled to a homestead of the value of $1000 and to dower in the remainder, this court, on appeal to it, stated (p. 379): "The circuit court erred in its decree as to homestead. Section 5, chapter 52, of the Revised Statutes of 1874, provides: 'In case of a divorce, the court granting the divorce may dispose of the homestead estate according to the equities of the case.' Here the court granting the divorce made no order with respect to the homestead. The disposition of it, therefore, must be as directed by statute. After the divorce the homestead estate remained and continued in Christian Stahl, the householder and owner in fee of the premises. Upon the granting of the divorce Catharine Stahl's relation of wife to Christian Stahl was severed. She then became entirely disconnected with the homestead estate, and had no right pertaining to any property of Christian Stahl by virtue of having been his wife, except dower saved by the statute, the divorce having been for the misconduct of the husband, and the alimony which was allowed.  *  *  *  Now, if, after the divorce and before his second marriage, Christian Stahl had been minded to release or convey the homestead, he could have done so by his own deed alone, as he would have had then no wife to join with him in the deed."

Appellant contends that the case just cited is not applicable to the case at bar. We do not admit the distinctions urged by her. It is contended in the present case

that the defendant in the divorce proceedings (appellee here) had deserted the complainant, and by reason thereof the title to the homestead estate inured to complainant. The complainant, however, was given a divorce on the ground of defendant's cruelty, and an injunction was granted restraining defendant from interfering with or molesting complainant in her possession of the premises, which, under the decree, she was to have the right to occupy for two years. Under such conditions no estate of homestead, because of alleged desertion, can be held to have vested in complainant. Besides, when the decree of divorce was granted, the court had the right to adjust the property rights of the parties, including the homestead, "according to the equities of the case," and in doing so the question of desertion was proper to be considered by him.

Practically the same question presented here, and under a statute similar to ours, was decided, along the same line as the *Stahl case*, in *Rosholt* v. *Mehus*, 23 L. R. A. 239. Many of the cases urged by appellant in this case were similarly urged in that case, and the reasoning of the court there is so applicable we quote it here (p. 243): "The statute says (Comp. Laws, sec. 2585): 'The court, in rendering a decree of divorce, may assign the homestead to the innocent party, either absolutely or for a limited period, according to the facts in the case and in consonance with the law relating to homestead.' It would appear from this language that the legislature, so far from intending that the homestead should pass to the innocent party by virtue of the statute alone, thought it necessary to give the court express power to so dispose of it by decree. We are entirely unable to see any good reason why, after the chancellor, in the exercise of the broad and liberal discretion in him vested, has given the innocent family every protection the circumstances admitted or their needs required, the law should then step in and transfer to them, at the expense of the husband,

another and very material estate, to-wit, the homestead owned and theretofore occupied by him. Particularly must this be true when, as in this case, the decree of divorce casts upon the husband the continuing duty of supporting that family, by compelling him to pay a certain monthly payment. It is not to be believed that the law will then grasp the very property out of which the husband must realize the money to make those payments and transfer it to the family, and yet hold him for the payments. We deem it better for the innocent party, better for the fee owner, better as a rule of property, that the interests of the respective parties in the homestead should be fixed by the decree in the divorce proceeding, and when that decree is silent, the homestead, like all other realty, must remain in the possession of the party holding the record title, discharged of all homestead rights and claims of the other party; and this we deem the result of the better authorities,"—citing *Heaton* v. *Sawyer,* 60 Vt. 495, *Wiggin* v. *Buzzell,* 58 N. H. 329, and *Biffle* v. *Pullam,* 114 Mo. 50.

The cases from this court cited by appellant on this point are not, in our judgment, in conflict with the rule announced in the *Stahl case,* and which we think is applicable to the case at bar. In the cases so cited the homestead right was specifically awarded in the decree of divorce, or the facts clearly showed a desertion, and such conditions as created, under the statute, a right to the homestead in the party held to be entitled to it.

Under the facts disclosed in this case we think the decree of the circuit court was correct, and the same will be affirmed.                    *Decree affirmed.*