(No. 11154.—Reversed in part and remanded.)
LISETTE CLAUSSEN *et al.* Appellants, *vs.* JOHN F. CLAUS-
SEN, JR., *et al.* Appellees.

*Opinion filed June 21, 1917.*

1. HOMESTEAD—*the wife's homestead is lost if not preserved by
divorce decree settling all her interests in husband's real property.*
Under section 2 of the Exemptions law the homestead exemption
continues in favor of the wife occupying the premises after deser-
tion by the· husband, but this right is lost if not preserved by the
decree of divorce, which purports to determine all her interests in
the husband's real property, and the Supreme Court cannot, on ap-
peal in a subsequent proceeding by the wife for partition and as-
signment of dower, review the divorce decree.

2. DOWER—*dower is not subject to lien for taxes paid after a
divorce decree.*  Dower is not subject to the lien of a third party
for taxes paid by him on the husband's property while the husband
was living but after a divorce had been decreed to the wife.

3. PARTITION—*heirs are entitled to rents until demand for· as-
signment of dower.*  The heirs are entitled to all the rents from
the death of the ancestor until demand is made for assignment of
dower but not up to the entry of the decree assigning dower.

4. SAME—*when the deceased husband's administrator should be
made party to bill for partition and assignment of dower.*  Where a
husband deserts his wife and a decree of divorce is entered settling
all her interests in his real property without preserving her home-
stead right but she continues to occupy the homestead, in a subse-
quent proceeding for partition and assignment of dower after the
husband's death his administrator should be made a party for the
purpose of properly disposing of the rents due the estate.

5. SAME—*husband is entitled to rents where wife continues to
occupy his premises after divorce decree.*  Where one is in posses-
sion of land belonging to another, an obligation to pay rent there-
for will be implied unless there is an express disclaimer to hold
under the possessor, and where a wife continues to occupy her
husband's premises after obtaining a decree of divorce which de-
termines all her interest in his real estate without preserving her
homestead right, he will be entitled to rents for such occupation.

6. EXECUTORS AND ADMINISTRATORS—*when wife is entitled to a
set-off against liability for rent.*  In a proceeding by the wife for
partition and assignment of dower in her deceased husband's es-
tate, where she is liable for rent for the occupation of the home-

stead premises after her divorce decree, she will be entitled to set off against such liability the taxes paid by her and the amount of a lien in her favor which was fixed by the decree of divorce.

COOKE, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

C. H. SIPPEL, for appellants.

HARRY A. DAUGHERTY, and CHAUNCEY W. MARTYN, (HENRY W. STILLMAN, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellants, Lisette Claussen and Ray Dixon, on October 22, 1915, filed their bill for partition, for the assignment of homestead and dower, for the setting aside of a tax deed and to foreclose a lien on lots 4, 5, 6, 7, 8 and 9, in block 5, in Hough & Reed's addition to Washington Heights, Chicago, against appellees, Carl G. Claussen, Helene A. Hartman, George Hartman, John F. Claussen, Jr., Anna Claussen, Lewis Law and unknown owners. On September 22, 1916, the court, on the coming in of the master's report and findings, entered a decree sustaining the master's report and finding that said premises were owned in fee by four parties as tenants in common, to-wit, Ray Dixon an undivided three-sixtieths, Carl G. Claussen seventeen-sixtieths and Helene A. Hartman and John F. Claussen, Jr., each an undivided twenty-sixtieths, subject to a lien of Lisette Claussen for $1200 and to a lien of Carl G. Claussen for $261.80, and subject also to the dower interest of Lisette Claussen, which was also made subject to said liens. The decree further provided that the said lien of $1200 should bear five per cent interest from December 28, 1911, and that the said Lisette Claussen should be credited further with all moneys properly expended by her for the maintenance and preservation of said premises since

December 28, 1911, and that she be charged for all rents collected by her since said last date and such further sums as the court may thereafter determine to be the reasonable value of her use and occupation of said premises from said date, together with lawful interest on such rents and the value of such use and occupation. The court also appointed three persons to make said partition and to make report thereof. Appellants filed objections to the master's report and findings, which were overruled, and also exceptions to said ruling and to the decree of the court sustaining the master, and this appeal followed.

There is no contest over the facts. The facts admitted and proved are substantially the following: John F. Claussen, Sr., and Lisette Claussen were lawfully married in 1870 and are the parents of appellees John F. Claussen, Jr., Helene A. Hartman and Carl G. Claussen, the last named being the youngest child and of the age of thirty-three years at the time of the hearing in the trial court. John F. Claussen, Sr., acquired a legal title to the said premises in 1872, and he and his wife, Lisette, erected thereon a two-story frame dwelling house, in which they and their said children continuously resided from about 1874 until December 25, 1898, when the said John F. Claussen, Sr., willfully and without any reasonable cause deserted his wife and family and went to parts unknown. Neither he nor his wife was ever married after that desertion. Carl G. Claussen was then fifteen years old, and he and his mother continued to occupy the said premises as their home and have occupied it as a home ever since that time. After he was of age Carl paid his mother for his board and lodging, and since his majority he has helped to support his mother by paying her, in addition to his board and lodging, a good portion of his wages. The rent obtained from the property by her, ranging from $3 to $12 per month, and the support that she got from her son Carl G., were all her means of support from the time her husband deserted her up to the

trial of this suit, her other son and daughter having at no time furnished her any means of support whatever. Lisette Claussen and her son Carl lived in the lower story rooms and she rented the up-stairs rooms. On December 28, 1911, she obtained a decree of divorce from her husband on the ground of willful desertion, and in the same decree she was given a lien on said premises for $1200 for purchase money paid by her on said premises and for taxes, assessments and repairs paid for by her. The decree gave no alimony and made no disposition of the homestead. The bill for divorce prayed for divorce, alimony, general relief, and that the defendant therein be decreed to execute and deliver to her a deed to said premises conveying all his rights therein to her. In the decree for the divorce the court found that she had paid out for purchase money, taxes, special assessments, repairs and improvements on said premises the sum of $2166.68, and charged her with rents collected on the premises the sum of $966.68. John Claussen, Sr., died on July 31, 1915, and on September 2, 1915, an administrator of his estate was appointed in California, who is now administering the same, and the said three children are his only heirs. Carl G. Claussen by quit-claim deed conveyed to appellant Ray Dixon, for a valuable consideration, an undivided three-sixtieths interest in said premises. By stipulation in the record it further appears that one Marhoefer obtained a tax deed to said premises, and on January 25, 1915, he and his wife by quit-claim deed conveyed all their interest to Carl G. Claussen. It is further admitted that Carl G. Claussen paid $155 for the deed, and that previous to the death of his father he paid the further sum of $106.80 for taxes and repairs on said premises, and that said tax deed is null and void, and that the said Carl G. is to have a decree for a lien on said premises for $261.80 and interest thereon at five per cent from the date of payment by him of said respective sums, and the decree so provided.

Appellants insist that since Lisette Claussen obtained a
divorce from her husband for his fault and had already ac-
quired the homestead right and with her son was enjoying
such right at the time the suit for divorce was begun, she
is still entitled to such homestead right although the decree
for divorce made no disposition of the homestead. There
can be no question that she was entitled to such homestead
right at the time the suit for divorce was begun. Section 2
of chapter 52, entitled "Exemptions," expressly provides
that in case the husband shall desert his family the home-
stead exemption shall continue in favor of the wife occupy-
ing the premises as a residence. But for the decree of the
divorce in question Lisette Claussen would have been en-
titled to have a homestead assigned to her in the premises
at the time this suit was brought as well as dower in the
remainder thereof. However, the rights of herself and of
her husband were settled by the decree of divorce so far as
the real estate is concerned, and her interest was decreed
to be a lien on said premises for the sum of $1200. No
further provision was made for her, by way of allowance
as alimony or otherwise. There was no reservation in the
decree for a future consideration of alimony or as to the
settlement of the question by the court as to which one of
them was entitled to the homestead. The jurisdiction of
the circuit court to further consider the question as to the
disposition of the homestead therefore ceased on the ex-
piration of the term of court in which the decree for di-
vorce was rendered. A disposition of the homestead right
is therefore left entirely to the provisions of the statute in
reference thereto. It must be assumed that the circuit court
considered all the equities of Lisette Claussen concerning
the said real estate and granted to her her full rights there-
in. The real estate was one of the subjects of consideration
and she prayed that the same might be decreed to her as
her property. If she had any further rights or questions

concerning that property that she desired to settle she should have then presented the same for the court's consideration.

It is argued with much force that Lisette Claussen was equitably entitled to have the homestead continued to her in addition to the rights already decreed to her by that decree, and from the showing made in this record it appears very clear to us that she ought to have asked for and been given by the divorce decree the right to continue to occupy said premises as her homestead so long as she might live, but we cannot review the court's action in the decree for divorce at this time nor even say that the court's decree was erroneous in any particular, as we do not know what the evidence was before the court. It must now be assumed that it was the fault of herself and her counsel in the divorce suit in not demanding all of her rights at that time and in preserving her rights by appeal or writ of error in case the court did not decree them to her. By the decree of divorce her relation of wife to John F. Claussen, Sr., was severed. She then became entirely disconnected with the homestead estate and no longer had any rights in said property as a wife because she was no longer his wife. Her right to hold the same as a homestead was completely gone when the circuit court failed to save her that right in the divorce decree. The only right that could thereafter accrue to her in said premises was a possible right of dower, which depended upon her outliving her former husband. This court has so settled this question in two former decisions and it is no longer an open question. (*Barkman* v. *Barkman,* 209 Ill. 269; *Stahl* v. *Stahl,* 114 id. 375.) We see no reason for departing from those decisions.

The court properly decreed that appellant Lisetta Claussen should be assigned dower in the premises subject to her lien. Her lien of $1200 was decreed her in the divorce suit on the ground that she had contributed that sum to the purchase of the property and had an equitable interest in it to that extent. She therefore was not entitled to

dower in her own equitable interest. The lien of Carl .G. Claussen for $261.80, although a large part of it was for taxes and special assessments, should have been decreed to him subject to Mrs. Claussen's dower right. They were proper charges against John F. Claussen, Sr., and should have been paid by him in his lifetime. They accrued against the land after the divorce decree and were in no way chargeable to Mrs. Claussen, who was not then his wife and had no interest in his estate except an inchoate right of dower. As between the widow and heirs, the heirs ought to bear the burden of this lien and pay the same out of the property descending to them as heirs of their father. It appears there is an administrator administering on other property in California belonging to the estate of John F. Claussen, Sr., and from which Mrs. Claussen can receive no part, as she is not his widow. It is not equitable for the heirs to take the rest of his estate by inheritance and call on their mother to bear a portion of the lien of Carl G. Claussen for claims that John F. Claussen, in his lifetime, should have paid.

The court also properly decreed that by her occupancy of said premises after the divorce decree Lisette Claussen became liable to John F. Claussen, Sr., for use and occupation of the premises up to the time of his death, during which time he was the full fee simple owner of the property. Where land is in possession of one which belongs to another, an obligation to pay rent therefor will be implied unless there is an express disclaimer to hold under such other. Taylor on Landlord and Tenant, sec. 19, note 4; Hurd's Stat. 1916, chap. 80, sec. 1.

The administrator of John F. Claussen, Sr., is the only person who can legally sue for and recover debts due said deceased. (*Hickox* v. *Frank,* 102 Ill. 660.) The rents due said deceased up to July 31, 1915, the date of his death, are mere debts due the deceased, for which his administrator, alone, can sue and recover. Lisette Claussen, however,

had the right to make any proper set-offs against said administrator that she might have for the payment of taxes, etc., and could no doubt set off against such claims for rent her said lien. The heirs of John F. Claussen, Sr., were entitled to all the rents of said premises from the date of their father's death to October 22, 1915, the date this suit was brought. The rule is that the heirs are only entitled to all the rents up until the time demand is made for the assignment of dower, and the filing of the bill in this case was equivalent to a demand for such assignment. (*Sill* v. *Sill,* 185 Ill. 594.) The court erred in decreeing that the heirs were entitled to all the rents up to the time of the decree and from the death of their father. Lisette Claussen is entitled to one-third of the rents from October 22, 1915, subject only to her said lien.

It is true, as suggested by appellees' counsel, that the court's decree offsetting Lisette Claussen's lien with the rents due to the estate of John F. Claussen, Sr., secures to her all her present equitable rights in that lien to which she is entitled but for the fact that it appears that an administrator of said estate has been appointed. However, the payment of rent by her to the heirs of John F. Claussen, Sr., would not relieve her of her obligation to pay said administrator in case the said real estate is disposed of in this partition suit and the proceeds thereof are distributed among the various parties in this suit as indicated by the court's decree. (*Merrell* v. *Atkin,* 29 Ill. 469.) The court therefore suggests that before the matter of rents is completely disposed of the administrator ought to be made a party to this proceeding. The court would not be warranted in compelling her to pay the rents due the administrator or to compel her to have the same set off against her until the administrator is brought in, when all matters may then be fully adjudicated as herein indicated.

For the errors indicated the decree of the circuit court is reversed in part and as to all other matters is affirmed,

and the cause is remanded for further proceedings in accordance with the views herein expressed.

*Reversed in part and remanded.*

Mr. JUSTICE COOKE, dissenting:

The Homestead act provides that in case a husband deserts his family the homestead exemption continues in favor of the wife if she occupies the premises as a resident. I am of the opinion that in this case the wife has a homestead estate under the statute, and that such estate was in nowise affected by the divorce proceeding. Upon the desertion of the husband the wife became the head of the family and the law at once clothed her with a right of homestead in the premises. (*Rendleman* v. *Rendleman*, 118 Ill. 257.) She has never been divested of this right.