## Charles A. Humphreys, Appellant, v. John Orrey, Appellee.

### Gen. No. 6,825.

1. APPEAL AND ERROR, § 1118*—*dismissal for want of judgment in bar.* Where the record does not disclose a judgment in bar or a final judgment, and the question is raised, the appeal will be dismissed for want of a proper judgment.

2. LIFE ESTATES, § 12*—*common-law liability of lessee for rent on death of life tenant.* At common law, where a life tenant had given a lease and died before its expiration, and before the time for final payment of rent, the lessee might quit the premises without paying any rent for the premises since the last prior rent day, but if he continued in possession, the reversioner could collect the rent from the date of the death of the life tenant.

3. LIFE ESTATES, § 12*—*statutory liability of lessee for rent on death of life tenant.* Under Hurd's Rev. St. 1919, sec. 35, ch. 80, J. & A. ¶ 7075, where a life tenant has leased premises and dies before the rent becomes due and before any rent has accrued, his administrator has no interest in the rent, and if the lessee remains in possession, the remainderman may sue for and collect the rent from the date of the death of the life tenant.

4. PAYMENT, § 11*—*when payment to administrator no.defense.* It is no defense to an action by a remainderman for rent accrued after the death of a life tenant from whom defendant had held a lease, that the tenant had mistakenly paid the rent to the administrator of the estate of the life tenant.

5. ASSUMPSIT, ACTION OF, § 8*—*recovery under common counts where plaintiff shows express contract.* Where plaintiff declares upon the common counts and introduces evidence of an express contract, the making of which defendant denies, plaintiff is not limited to recovery under an express contract but may recover on any ground which he can establish.

6. LANDLORD AND TENANT, § 324*—*terminated lease as evidence of rental value.* Where a tenant had held the premises under a lease from a life tenant which had been terminated by the latter's death, the lease was competent evidence of the reasonable rental value of the premises as was also evidence of the amount of rent paid in former years

7. PLEADING, § 161*—*defense not set up in affidavit of merits.* Where a tenant sued for rent, in his affidavit of merits does not

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

set up that the amount claimed by plaintiff in his affidavit of claim was too large, but bases his defense wholly on another matter, he cannot be heard to set up any defense not found in his affidavit of merits.

Appeal from the City Court of Kewanee; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the April term, 1920. Reversed and remanded. Opinion filed March 17, 1921.

JOHN T. CUMMINGS and JAMES H. ANDREWS, for appellant.

STURTZ & EWAN, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

This is a suit brought by appellant against appellee for rent of a farm. A trial resulted in a judgment for costs against appellant, from which this appeal is taken.

The record does not disclose a judgment in bar or a final judgment. If counsel had raised this question it would have been our duty to have dismissed the appeal for want of a proper judgment. *Town of Magnolia v. Kays*, 200 Ill. App. 122; *Shank v. Modern Woodmen of America*, 210 Ill. App. 536.

Appellee filed with his plea an affidavit of merits in which he set up that he occupied the premises in question from March 1, 1918 to March 1, 1919, under a lease made to him in June, 1917, while he was a lessee under a lease ending March 1, 1918. That the lease was made to him by H. F. Humphreys; that by the terms of the lease of June, 1917, appellant was to pay a rental of $1,814.50, of which $907.25 was due October 1, 1918, and a like sum March 1, 1919; that to secure these payments he gave two promissory notes to H. F. Humphreys and that he had paid these notes to the administrator of the estate of H. F. Humphreys, who died January 13, 1918, and that he was not indebted to appellant.

The evidence shows that H. F. Humphreys had a life estate in the premises in question and that appellant was the owner of the fee. After the death of the life tenant appellee continued in possession of the premises with the consent of appellant until March 1, 1919.

At common law where a tenant for life gave a lease and died before the expiration of the term for which the premises were demised and before the time appointed for the final payment of the rent, the undertenant, if he chose, on the death of the lessor, might quit the premises and pay no rent to any one for the occupation of the premises since the last previous day appointed for the payment of the rent. If the undertenant continued to occupy the premises after the death of the lessor, with the consent of the reversioner, the latter could recover of the former for the use of the lands after the determination of the lease by the death of the life tenant. *Hoagland v. Crum,* 113 Ill. 365.

To prevent the undertenant from escaping liability for rent, in the case above stated, the legislature by Act of July 1, 1897, provided as follows: "When a tenant for life shall demise any lands and shall die on or after the day when any rent becomes due and payable, his executors or administrators may recover from the under tenant the whole rent due, but if such tenant for life shall die before the day when any rent is to become due, his executors or administrators may recover the proportion of rent which accrued before his death, and the remainderman shall recover for the residue." Ill. Rev. St. 1919, sec. 35, ch. 80 (J. & A. ¶ 7075).

H. F. Humphreys, who demised the premises to appellee, was a tenant for life, and, having died before the day when any rent became due, and no rent for the year in question having accrued, before his death, the administrator of his estate had no interest what-

ever in the rent and, the lessee, appellee, having remained in possession of the premises with the consent of the remainderman, appellant, he, appellee, became liable to appellant for rent for the whole of the time in question and appellant had a right to sue for and recover the same. *Hoagland v. Crum,* 113 Ill. 365; Illinois Rev. St. *supra; Dixon v. Niccolls,* 39 Ill. 372; *Green v. Massie,* 13 Ill. 363; *Murr v. Glover,* 34 Ill. App. 377; *Wilson v. Hagey,* 251 Ill. 452; *Blaine v. Blaine,* 202 Ill. App. 453; *Woman's Amer. Baptist Home Mission Society v. Rayburn,* 203 Ill. App. 477.

Under the undisputed facts of the case appellant was legally entitled to the rent of the premises in question for the year from March 1, 1918 to March 1, 1919, and it was no defense to an action to recover therefor that the same had already been paid by mistake to some other person who claimed the same. *Merrell v. Atkin,* 29 Ill. 469; *Davenport v. Haynie,* 30 Ill. 59; *Claussen v. Claussen,* 279 Ill. 99.

Upon the trial appellant gave evidence tending to prove that prior to March 1, 1918, he and appellee entered into an express contract for the rental of the premises in question for the year ending March 1, 1919. Appellee as a witness denied the making of any such contract.

It is claimed by appellee, and the trial court held, that appellant having introduced evidence tending to show an express contract he is limited thereto as a basis of recovery, and that if he fails to establish such express contract he cannot recover even though the undisputed evidence in the case shows that he is entitled to recover on some ground other than an express contract. This was error. It is unquestionably true that there cannot be an express and an implied contract for the same thing existing at the same time, and that when both parties to the suit agree that the services were rendered or the land used and occupied under an express contract, covering the

entire transaction, evidence as to reasonable value cannot be heard and a recovery cannot be had upon a *quantum meruit.* When, however, the plaintiff does not declare upon an express contract but upon the common counts, if the defendant denies the making of the express contract, plaintiff is not confined to the express contract for a recovery, but, may recover upon a *quantum meruit,* or, upon any other grounds which he can establish, and any evidence which would be competent to establish his cause of action, in the absence of an express contract, is competent. *Farrell v. Dooley,* 17 Ill. App. 66; *Phillips v. Roberts,* 90 Ill. 494; *Kirk v. Wolf Mfg. Co.,* 118 Ill. 567; *Sands v. Potter,* 165 Ill. 397; *People's Casualty Claim Adjustment Co. v. Darrow,* 172 Ill. 62; *Mecartney v. Wallace,* 214 Ill. App. 618.

It is claimed by appellee that there was no evidence of value on which a verdict for appellant could have been based. We are of the opinion that under the statute cited above, appellant was entitled to recover the amount stated in the lease from H. F. Humphreys to appellee, but even if this statute did not apply the lease was competent evidence upon the question of reasonable value as an admission by appellee. It has also been held that evidence as to the rent of former years and the amount for which the premises were rented during the time in question may be heard on the subject of reasonable value. 39 Cyc. 868. In the present case, however, appellee, in his affidavit of merits, did not claim that the amount claimed by appellant in his affidavit of claim was too large but based his defense solely on the claim of payment to the administrator of H. F. Humphreys, and having done so cannot be heard to urge any defense not set up in the affidavit of merits. The bill of exceptions also shows that in his opening statement to the jury, one of the attorneys for appellee said: "This case involves a question of rent, more a question of

whether he is entitled to rent than anything else. It does not involve the amount. There is no dispute about that; it is simply a question of who is entitled to rent."

We are of the opinion that upon the undisputed evidence in the case appellant was entitled to recover, that the verdict of the jury was clearly and palpably against the weight of the evidence and that the court erred in refusing appellant a new trial and rendering a judgment against appellant for costs. *Carney v. Sheedy*, 295 Ill. 78.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*