(No. 27469.— )
ALBERT H. KRUSEMARK, JR., *et al.,* Exrs., Appellees, *vs.* FLOYD STROH *et al.*—(DORA STROH, Appellant.)

*Opinion filed Nov. 19, 1943—Rehearing denied Jan. 13, 1944.*

RAY F. FAULKNER, of Joliet, for appellant.

KRUSEMARK & KRUSEMARK, and JAMES W. FAULKNER, all of Joliet, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

This case is a direct appeal from a decree of the probate court of Will county directing a sale of real estate to pay the debts of Louis Stroh, deceased, in which the claim of appellant, Dora Stroh, to a homestead in the premises is denied, with a finding and decree that such homestead is vested in another person. The right to a freehold estate of homestead is involved, and hence a direct appeal to this court is proper. *Jones* v. *Jones,* 281 Ill. 595.

The facts are as follows: The estate involved is that of Louis Stroh, deceased. Louis Stroh and Dora Stroh were husband and wife, occupying the premises involved until the year 1928, when Dora Stroh obtained a divorce for his fault. The court ordered the payment of alimony, and also decreed that Dora Stroh and her children be permitted to use the lower apartment of the building they occupied as a homestead, and that Louis Stroh pay all taxes, insurance, assessments and expenses of the entire building, except interior repair of the rooms occupied by her. Louis Stroh remarried in 1935 and died leaving a widow, Vera Stroh, who is an incompetent, and who is represented by her conservator. Vera Stroh and the deceased were living on the second floor of the apartment at the time of the death of Louis Stroh. Dora Stroh had not lived in the lower part of the apartment for three years, but claimed she was temporarily absent because of sickness. The probate court found Dora Stroh had no homestead estate in the premises, and that Vera Stroh was entitled to a homestead estate. The decree held, however, that Dora Stroh was entitled to dower in the premises, because the decree of divorce was for the fault of the husband. The decree shows the divorce was granted on the ground of drunkenness and that the youngest child became of age in 1938.

The principal error assigned by appellant, Dora Stroh, is that the finding that she had abandoned the right to

occupy the lower part of the residence involved is contrary to the weight of the evidence. The appellees, however, contend that regardless of the question of abandonment she never had a homestead interest after the divorce from her husband, and that the homestead estate was by the death of Louis Stroh vested in the surviving widow, Vera Stroh.

The statute provides that in cases of divorce the court, in rendering its decree, may dispose of the homestead estate according to the equities of the case. (Ill. Rev. Stat. 1941, chap. 52, par. 5.) In the suit for divorce there was no prayer that the court dispose of the homestead, nor did the court in the decree deprive the husband of his homestead, or award it to Dora Stroh upon her divorce. The statute provides that an estate of homestead shall continue after the death of the householder for the benefit of the husband or wife surviving. (Ill. Rev. Stat. 1941, chap. 52, par. 2.) We have held, however, that a divorced wife is not the widow of her deceased husband, and therefore is not entitled to the right of homestead, which the statute gives to the widow. *Stahl* v. *Stahl,* 114 Ill. 375; *Barkman* v. *Barkman,* 209 Ill. 269.

The case of *Claussen* v. *Claussen,* 279 Ill. 99, appears to be decisive. In that case, where the rights of a husband and wife were settled by decree in a divorce granted for the husband's fault, the wife was given a lien on the homestead premises to secure the payment of a lump sum. She was occupying the homestead property at the time the divorce suit was commenced, but no decree was rendered divesting the husband of the homestead and placing it in the wife. Upon the death of her former husband the divorced wife claimed a homestead. In denying her right to it we said: "By the decree of divorce her relation of wife to John F. Claussen, Sr., was severed. She then became entirely disconnected with the homestead estate and no longer had any rights in said property as a wife be-

cause she was no longer his wife. Her right to hold the same as a homestead was completely gone when the circuit court failed to save her that right in the divorce decree. The only right that could thereafter accrue to her in said premises was a possible right of dower, which depended upon her outliving her former husband. This court has so settled this question in two former decisions and it is no longer an open question. (*Barkman* v. *Barkman,* 209 Ill. 269; *Stahl* v. *Stahl,* 114 id. 375.) We see no reason for departing from those decisions."

Since Dora Stroh was not the wife of Louis Stroh at the time of his death, the only possible way in which she could have a homestead in the premises involved would be by having the same decreed to her by the circuit court at the time of her divorce. She neither asked for it, nor was she awarded a homestead by the decree. It is true the court provided she might use the lower apartment, but a homestead is a distinct estate fixed by law, vested in the husband, and not having been deprived of it by the decree of divorce, it was still vested in him. When he remarried and died, it went, under the statute, to his surviving widow, the appellee, Vera Stroh.

In view of these facts appearing in the record it becomes unnecessary to discuss the weight of evidence upon the question of abandonment. If appellant never had an estate of homestead the question becomes immaterial. We think, under the facts as disclosed by the record in this case, the appellant, Dora Stroh, never had a homestead estate in the premises after she obtained her divorce, and the probate court was correct in decreeing she had none.

The decree of the probate court of Will county is accordingly affirmed.

*Decree affirmed.*