(No. 35604.— ▮▮▮▮▮▮▮▮)

ALTA TAYLOR, Appellee, *vs.* WALTER BUKOWSKI *et al.*— (WALTER BUKOWSKI, Appellant.)

*Opinion filed May 20, 1960.—Rehearing denied September 26, 1960.*

ALLEN & ALLEN, of Danville, for appellant.

JOHN R. DEAN, of Danville, for appellee.

Mr. JUSTICE DAVIS delivered the opinion of the court:

This is an appeal from a modified decree of partition entered by the circuit court of Vermilion County, which failed to set off a homestead to Walter Bukowski, herein referred to as defendant, a co-tenant residing on the premises. Defendant appeals directly to this court, since a freehold is involved. *Krusemark* v. *Stroh,* 385 Ill. 64; *Rossiter* v. *Soper,* 384 Ill. 47.

Defendant Walter Bukowski and his wife Beulah acquired title to the premises involved in this proceeding as joint tenants and entered into possession and lived on the premises. Thereafter, Beulah obtained a divorce from defendant on the ground of cruelty and was granted custody of their minor child. She moved from the premises and defendant continued to reside there and ultimately remarried. The decree of divorce neither deprived defendant of his homestead, nor awarded it to Beulah. Thereafter, Beulah conveyed her interest in the premises to her mother, Alta Taylor, who filed complaint for partition wherein she alleged that defendant was in possession. Defendant was served with summons and defaulted for failure to appear. He did not consent, in writing, to a sale of his homestead exemption.

A decree of partition was entered on October 3, 1958, and the commissioners appointed therein reported that the property was not susceptible of division. Decree of sale was subsequently entered and pursuant thereto the property was sold to defendant on November 27, 1958, for $9,850. On December 1, 1958, defendant filed a motion praying that the decree of sale be modified by setting off to him $2,500 as his homestead, or that said sum be paid to him from the proceeds of the sale. Upon stipulation, the motion was treated as a bill of review under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1959, chap. 110, par. 72.) Leave was given to defendant to answer the original complaint and plaintiff filed reply to the answer. After hearing,

the trial court entered a decree modifying the original decree of partition, and found that defendant was a married man residing on the premises, but that he was barred of any right of homestead.

Defendant contends that he did not waive, nor did the prior divorce decree change, his homestead exemption in the premises. Plaintiff's theory is that defendant's right of homestead was barred by the divorce; and that the relief he seeks is unavailable under section 72 of the Civil Practice Act.

In resolving these contentions, the following statutory provisions must be given consideration:

Section 1 of the Illinois Homestead Act (Ill. Rev. Stat. 1959, chap. 52, par. 1,) provides that every householder having a family shall be entitled to an estate of homestead of $2,500 in real property owned or rightly possessed by him, and occupied as a residence.

Section 2 of the act provides: "Such exemption shall continue after the death of such householder, for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead, and of the children until the youngest child becomes twenty-one years of age; and in case the husband or wife shall desert his or her family, the exemption shall continue in favor of the one occupying the premises as a resident." Ill. Rev. Stat. 1959, chap. 52, par. 2.

Section 5 provides: "In case of a divorce, the court granting the divorce may dispose of the homestead estate according to the equities of the case." Ill. Rev. Stat. 1959, chap. 52, par. 5.

Section 20 of the Partition Act provides: "In case of sale the court may, with the assent of the person entitled to an estate for life, or for years, or of homestead, to the whole or any part of the premises, who is a party to the suit, sell such estate with the rest. But such assent shall be in writing, and signed by such person, and filed in the

court wherein the said proceedings for partition are pending." Ill. Rev. Stat. 1959, chap. 106, par. 63.

Under the provisions of section 16 of the Married Women's Act, "Neither the husband nor wife can remove the other or their children from their homestead without the consent of the other, unless the owner of the property shall, in good faith, provide another homestead suitable to the condition in life of the family; and if he abandons her, she is entitled to the custody of their minor children, unless a court of competent jurisdiction, upon application for that purpose, shall otherwise direct." Ill. Rev. Stat. 1959, chap. 68, par. 16.

And section 27 of the Conveyance Act provides: "No deed or other instrument shall be construed as releasing or waiving the right of homestead, unless the same shall contain a clause expressly releasing or waiving such right. And no release or waiver of the right of homestead by the husband shall bind the wife unless she joins in such release or waiver." Ill. Rev. Stat. 1959, chap. 30, par. 26.

From the facts in the case at bar, it appears that the defendant is a householder, having a family, and is in rightful possession of the premises as a tenant in common with the plaintiff, and that he occupies the premises as a residence. However, plaintiff maintains that the divorce for defendant's fault barred him of any homestead in the property and cites *Rendleman* v. *Rendleman*, 118 Ill. 257, as authority for such rule. In *Rendleman*, the wife acquired homestead exemption in the husband's real estate when he deserted her, without obtaining a divorce, but we held that when the husband later obtained a divorce for the adultery of the wife, the homestead exemption, of the deserted but undivorced wife, was terminated. Any dictum in *Rendleman* to the effect that divorce for the fault of the wife, *ipso facto*, terminated her homestead was vitiated in *Claussen* v. *Claussen*, 279 Ill. 99, and is now rejected by us.

In *Claussen*, the husband acquired legal title to certain

premises in 1872 and he and his wife built a dwelling house thereon and resided there until 1898, when he deserted his wife and family. The wife and family continued to live on the premises and she retained a homestead therein. Thereafter, she obtained a divorce in 1911, but the decree made no disposition of the homestead. Upon appeal in a subsequent partition action, we held that the homestead exemption which continued in favor of the wife, who occupied the premises with her family after the desertion by her husband, was lost if not preserved by the decree for divorce, which purported to terminate all her interests in her husband's real estate. We announced that under such circumstances the relation of husband and wife was severed by the decree for divorce and the disposition of the homestead right was thereafter governed by the Homestead Act. See also: *Krusemark* v. *Stroh,* 385 Ill. 64; *Barkman* v. *Barkman,* 209 Ill. 269; *Stahl* v. *Stahl,* 114 Ill. 375.

We concede, as plaintiff argues, that the foregoing cases are not conclusively determinative of the case at bar because they did not involve real estate owned in joint tenancy. However, they do establish the rule that unless a decree for divorce specifically disposes of the homestead estate as authorized by section 5 of the Homestead Act, (Ill. Rev. Stat. 1959, chap. 52, par. 5,) the disposition of the homestead right is subject to the further provisions of the Homestead Act and other pertinent statutory enactments. In the case at bar, the homestead remained in the husband who continued in rightful possession of the premises as a householder.

We further concede that as between a husband and wife, each occupying the premises, there is authority that the homestead is owned jointly. (*Brod* v. *Brod,* 390 Ill. 312; *Grote* v. *Grote,* 275 Ill. 206.) If, however, a husband seeks by partition to deprive his wife of the right of occupancy, he must either provide another suitable homestead for her, or set off to her the statutory homestead in cash.

(*Brod* v. *Brod,* 390 Ill. 312.) However, depending on the circumstances, it may not be inequitable to equally partition jointly owned property in which both the husband and wife have a right of homestead, without setting off a homestead to either. *La Placa* v. *La Placa,* 5 Ill.2d 468.

While such result seems obvious in a case where both the husband and the wife have equal rights to a homestead, it is inappropriate in the case at bar. Here the wife obtained a divorce and no mention of homestead was made in the decree. She then removed from the premises. Prior to abandoning the premises, she could have obtained a homestead in the divorce proceeding, but failed to do so. (Cf. *Claussen* v. *Claussen,* 279 Ill. 99.) The present plaintiff, who acquired title from the divorced wife of the defendant, obviously has no right of homestead in the premises.

We therefore conclude that under the facts in the record presented to us, the defendant Walter Bukowski was vested with a homestead in the real estate, and that his former wife had abandoned any homestead rights which she might have had by quitting the premises and failing to have a homestead awarded to her in the divorce proceeding. The defendant, who had not waived or extinguished his homestead right by one of the modes provided by statute, still retained it. (*Holterman* v. *Poynter,* 361 Ill. 617; I.L.P., vol. 20, p. 688.) He was therefore entitled to have a homestead of $2,500 set off to him. Since he owned an undivided one-half interest in the premises, he would be entitled to receive only an increment of $1,250 over the plaintiff's share of the proceeds from the sale.

The plaintiff's argument relative to the equities between the husband and the wife should have been addressed to the court in the divorce proceeding, as contemplated by statute, (Ill. Rev. Stat. 1959, chap. 52, par. 5,) where the matter could have been considered upon a proper record. We cannot here re-adjudge such equities.

Plaintiff further argues that defendant was defaulted

and had no remedy under section 72 of the Civil Practice Act, and that in any event the final decree of the trial court was a consent decree and unappealable. It is apparent from the record that defendant's counsel initialed the "o.k." on the decree in response to the trial judge's request for approval as to form. Consequently, the "o.k." did not signify consent to the decree.

We also conclude that the trial court had jurisdiction to consider the petition of defendant under section 72 of the Civil Practice Act, and was justified in permitting defendant to answer. Under our view of the case, the defendant's right of homestead was apparent on the face of the decree for partition. The trial court adjudged that defendant was barred of any right or claim to homestead in the premises. This constituted error of law upon the face of the decree. Defendant was entitled to the relief sought in his petition under section 72 of the Civil Practice Act, since such relief was formerly granted in equity by a bill of review. *Jackson* v. *Jackson,* 144 Ill. 274.

The decree of the trial court is reversed and the cause remanded, with directions to set off a homestead to defendant.

*Reversed and remanded, with directions.*