### No. 2,179.

STEFFANO ROVEGNO, Plaintiff and Respondent, v. ANGELLO DEF-FERARI, Defendant and Appellant.

Contract.—Supposed.—Mutual Misunderstanding of Parties.—A supposd contract of sale when there is a mutual misunderstanding between the parties as to the amount of the consideration to be paid, is no contract, and a subsequent sale by the supposed seller to a third party, is valid.

Appeal from the District Court of the Fourth Judicial District, City and County of San Francisco.

This is an action for the dissolution of an alleged partnership between the plaintiff and defendant, a division of the accrued profits of the concern, and a sale of the partnership assets and distribution of the proceeds between the alleged partners in proportion to their respective interests.

Judgment was rendered for the plaintiffs in accordance with the prayer of the complaint, defendant moved for a new trial which motion was denied by the Court, and defendant appealed.

The other facts are stated in the opinion.

*N. B. Mulville*, for Appellant.

The complaint avers partnership between plaintiff and defendant which is not sustained.

The pleadings admit that defendant was and is in possession, and had and has exclusive possession of the said third interest.

The offer of sale made by Cassinelli to defendant on 18th of March, plaintiff assenting to same, and defendant accepting said offer by paying $200, and agreeing to pay balance in two or three days, was a good sale, and vested

the title to the third interest in defendant—nothing more could then be done to make a more effectual sale, defendant being in possession. Plaintiff was bound thereby, having assented to same.

Cassinelli was the vendor whom defendant bought from, and to whom defendant owed the balance, viz, $650.

The bill of sale from Cassinelli to plaintiff made the 22d of March, was not an assignment of said debt, but farther establishes the fact that Cassinelli owned said third interest on 18th of March, when he sold same to defendant.

If defendant misunderstood the terms of the sale—namely, the balance due—it would not vitiate same. Cassinelli did not try to annul or rescind the sale, and no act of defendant could do so. (See *Miller* v. *Steen*, 30 Cal. 402; 34 Cal. 139.)

The theory that the minds of Cassinelli and defendant never met, is not tenable; for if defendant believed he was buying for a less sum than $850, it does not appear he acted on said belief, by claiming his money back, or demanding a recision of the sale. Defendant only refused to pay plaintiff said balance, which he had a right to do.

It does not appear that defendant had any misunderstanding in relation to payment, or otherwise, with Cassinelli, his immediate vendor, or that Cassinelli wished or tried to rescind the sale, which could be done in no other manner than refunding to defendant the $200 paid. Cassinelli could not keep defendant's money and recover the property also. (*Miller* v. *Stein, supra.*)

Plaintiff was not authorized to receive of defendant the balance, viz, $650; defendant could only safely pay said sum to Cassinelli.

*W. C. Burnett,* for Respondent.

It seems to us, that the true answer to one question, settles this case, viz: did appellant purchase Cassinelli's one third interest? He did not.

The minds of the parties did not meet. There was an

attempt, and a failure, to agree upon a price. There was a misunderstanding in that particular. That misunderstanding is *fatal* because it was *mutual*, and not the result of deceit.

Respondent did purchase, and appellant is not in a position to question his right of purchase.

The fact that appellant was in possession at the time of his negotiation with Cassinelli, is not such a circumstance as would make that a contract which the parties had not agreed upon. His possession was only the possession of the copartnership, and inured *as much to the benefit of Cassinelli or his vendee as to his own*, and was *their* possession as well as his own.

Appellant's brief seems to go upon the idea, that appellant was in the position of a vendee, under a contract for a conveyance; and in that view, that his possession may help him out.

Unfortunately for that position, there is first, no contract; and, second, no possession except a joint possession, which the law would not permit him to lay down at his pleasure.

Appellant owed respondent, or Cassinelli, nothing; not $650 balance, because he had not promised to pay it; not $550 balance, because respondent had not agreed to take it.

Appellant asserts in brief, that if *defendant* (appellant) misunderstood the terms of the sale,—namely, the balance due—it would not vitiate the same; and cites *Miller* v *Steen*, (30 Cal. 402, and 34 Cal. 139.)

We have read those decisions carefully, but do not find that they are authority for any such assertion. In *Miller* v. *Steen*, the contract as to its terms was certain. There was no question made, but that the minds of the parties had met as to all the terms of the contract. The questions there, were legal, and arose upon and under the contract in applying it to subsequent facts.

There there was a contract to go upon; here there is not.

Appellant states in his brief, that if defendant " (appellant) believed he was buying for a less sum than

" $850, it does not appear he acted on said belief by claim-
" ing his money back or demanding a recision."

It appears, that appellant refused to pay the balance, on
the basis that the whole price for the purchase was $850,
and insisted that the whole price was only $750.

There being no sale, there was nothing to rescind.

WALLACE, J., delivered the opinion of the Court, RHODES,
C. J., TEMPLE, J., and CROCKETT, J., concurring:

It is not disputed that Cassinelli was at one time a co-
partner with the defendant, owning an interest of one-third
in the copartnership. Each of the parties to the contro-
versy, Rovegno and Defferari, claims to have purchased
that interest from Cassinelli, and this is the only question
presented here.

It was determined below, and we think correctly, that
Rovegno was the purchaser of that interest. The facts are,
that on March 17, 1869, Cassinelli agreed to sell it to
Rovigno, and then received part of the purchase price; that
on the next day (March 18th) Cassinelli and Defferari en-
tered into a treaty concerning the sale of this interest to
the latter; that this was in the presence and with the con-
sent of Rovegno. On this occasion a sale of this interest
was supposed to have been made by Cassinelli to Defferari;
but it turned out afterwards that the parties to that trans-
action (Cassinelli and Defferari) had entirely misunderstood
each other as to the price to be paid. Cassinelli thought
that he was selling for $850, and Defferari supposed himself
to be purchasing at $750. Upon discovery of this mistake
the latter refused to take the interest at $850. On the 22nd
March the sale from Cassinelli to Rovegno was made, pur-
suant to the agreement of March 17th, and a bill of sale
was then made to the latter.

Upon the ascertained fact that Cassinelli and Deffarari
were each mistaken as to the purchase price of this copart-
nership interest, and each was, therefore, assenting to a
supposed contract which had no real existence, it results
that there was no valid agreement, notwithstanding the ap-

parent assent of each. It is in principle like the case of *Phillips* v. *Bristolli*, (2 B. & C. 511), where it appeared that the defendant, who was a foreigner, not understanding the English language well, attended an auction sale in London, and there bid eighty-eight guineas for certain goods, which were, thereupon, knocked down to him, and when sued for the purchase price, he set up in defence that he supposed he was bidding only forty-eight guineas for the goods, and that the mistake grew out of his imperfect knowledge of the English language, in which language the auction was conducted. Chief Justice Abbott left it to the jury to find if the defendant had been mistaken as to the price bid, the Court being of opinion that if such mistake had really intervened, the parties could not be said to have entered into a contract at all.

Judgment and order denying new trial affirmed.