ABRAM RUPLEY *et al.*

*v.*

JOHN F. DAGGETT.

1. SALE — *mistake as to the price.* Where there is a mutual mistake in regard to the price of an article of property, there is no sale and neither party is bound. There has been no meeting of the minds of the contracting parties, and hence there can be no sale.

2. Thus, where the owner of a mare asked $165 for her, and the purchaser understood the price asked to be $65, and took her home with him and refused to pay more than the latter named sum, there being a clear misunderstanding between the parties, it was *held*, that there was no sale, and consequently no title passed.

3. INSTRUCTION. It is not error to refuse an instruction stating a correct abstract principle of law, when there is no necessity for it under the facts of the case.

APPEAL from the Circuit Court of Will county ; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was an action of replevin, brought by John F. Daggett against Abram Rupley and Jacob Rupley, to recover a mare which the defendants claimed they had bought of the plaintiff.

It appears that at the first conversation about the sale of the mare, Rupley asked the plaintiff his price, the plaintiff swear-

ing that he replied $165, while the defendant testified that he said $65, and that he did not understand him to say $165. In the second conversation Rupley says he told Daggett, that if the mare was what he represented her to be, they would give $65, and Daggett said he would take him down next morning to see her. Daggett denied this, and says that Rupley said to him, "Did I understand you sixty-five?" Daggett states that he supposed Rupley referred to the fraction of the $100, and meant sixty-five as coupled with the price named at the previous interview. He answered, "Yes, sixty-five." Both parties, from this, supposed the price was fixed, Rupley supposing it was $65, and Daggett supposing it was $165, and the only thing remaining to be done, as each thought, was for Rupley to see the mare and decide whether she suited him. The next day Rupley came, saw the mare and took her home with him. The plaintiff recovered in the court below, and the defendants appealed.

Messrs. FELLOWS & LEONARD, for the appellants.

Messrs. HILL & DIBELL, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is very clear, from the evidence in this case, there was no sale of the property understandingly made. Appellee supposed he was selling for $165, and it may be appellant was equally honest in the belief that he was buying at the price of $65. There is, however, some evidence tending to show that appellant Rupley did not act with entire good faith. He was told, before he removed the mare from appellee's farm, there must be some mistake as to the price he was to pay for her. There is no dispute this information was given to him. He insisted, however, the price was $65, and expressed his belief he would keep her if there was a mistake. On his way home with the mare in his possession, he met appellant, but never intimated to him he had been told there might be a misunderstanding as to the price he was to pay for her. This he ought

to have done, so that, if there had been a misunderstanding between them, it could be corrected at once. If the price was to be $165, he had never agreed to pay that sum, and was under no sort of obligation to keep the property at that price. It was his privilege to return it. On the contrary, appellee had never agreed to sell for $65, and could not be compelled to part with his property for a less sum than he chose to ask. It is according to natural justice, where there is a mutual mistake in regard to the price of an article of property, there is no sale, and neither party is bound. There has been no meeting of the minds of the contracting parties, and hence there can be no sale. This principle is so elementary it needs no citation of authorities in its support. Any other rule would work injustice and might compel a person to part with his property without his consent, or to take and pay for property at a price he had never contracted to pay.

There was no error in refusing instructions asked by appellants. The court was asked to tell the jury if they believed, from the evidence, appellee had "sworn willfully and corruptly false in any material portion of his testimony, then they are at liberty to disregard his entire testimony, except so far as it may be corroborated by other evidence in the case." Conceding this instruction states a correct abstract principle of law, there was no necessity for giving it under the facts proven in this case. The verdict was right, and appellants were not prejudiced by the refusal of the court to give it.

All that was pertinent to the issues in the other refused instructions was contained in others that were given, and there was no necessity for repeating it.

No material error appearing in the record, the judgment must be affirmed.

*Judgment affirmed.*