JAMES A. KIRK *et al.*

*v.*

THE L. WOLF MANUFACTURING COMPANY.

*Filed at Ottawa November 13, 1886.*

1. CONTRACT—*estimating cost on specifications which are subsequently changed.* If a manufacturer, upon a rough sketch, makes an estimate of the price of certain copper tanks, etc., based upon the idea of using copper only one-fourth of an inch in thickness, which would make the price $1250, and the other party afterward orders the copper to be one-half inch thick, the manufacturer will not be bound to do the job for the estimated price, and such estimate will not be regarded as a part of the contract.

2. SAME—*evidence as to what is a reasonable price.* Where a manufacturer is employed to manufacture certain articles for another, and there is evidence tending to show a failure of the parties to agree as to the price to be paid therefor, and the articles are made, accepted and retained by the party ordering the same, evidence of what is a reasonable price is proper.

3. INSTRUCTION—*construed, as directing that the price charged must be paid.* In an action to recover the price of certain work done, when the amount to be paid is alone in dispute, an instruction in behalf of the plaintiff, that "the value or no value of the job to the defendants is of no consequence; * * * if they ordered it they should pay for it," is not subject to the objection of being understood by the jury to mean, that if the defendants ordered the work they must pay the price charged.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. Flower, Remy & Gregory, for the appellants:

The contract price alone must govern, and evidence of what the work was reasonably worth, is improper. *Brigham* v. *Hawley*, 17 Ill. 38; *Byrne* v. *Byrne*, 47 id. 507.

If there was no contract growing out of a mistake or misapprehension, neither party will be bound. *Rupley* v. *Daggett*, 74 Ill. 351; Kerr on Fraud and Mistake, 422.

An instruction ought not to single out particular facts in evidence, and call them to the attention of the jury. *Holmes* v. *Hale*, 71 Ill. 552; *Callaghan* v. *Myers*, 89 id. 566; *Frame* v. *Badger*, 79 id. 441.

Messrs. Dent & Black, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action brought by the L. Wolf Manufacturing Company, against James A. Kirk and others, to recover for manufacturing for the latter certain copper tanks, with their connections, the declaration containing the common counts, only. A trial before a jury resulted in a verdict in favor of the plaintiff for $3177, upon which judgment was entered, after overruling a motion for a new trial, and there was an affirmance of the judgment by the Appellate Court for the First District. From this judgment of affirmance the defendants appeal to this court.

The tanks, etc., were manufactured, accepted and retained. The controversy was as to the price, the plaintiff claiming that it was to be fifty cents per pound for the tanks and apparatus, which would make it $3124.25, the number of pounds being $6428\frac{1}{2}$, to which was added $140 for extra work; and the defendants insisting that the outside cost to them was not to exceed $1250.

Appellants assign for error, the admission by the court of evidence to show what the work done and materials furnished were reasonably worth, and the giving of instructions for the

plaintiff. The position taken is, that as both parties insist there was a contract as to price, there must have been a special contract as to price, and it was simply a question for the jury which party's version to accept,—that where there is a special contract as to price, it must govern, and what is a reasonable price in such case is entirely irrelevant and inadmissible.

The Appellate Court, in their opinion, say, they "are satisfied that there was evidence tending to show, and from which the jury might have found, that the work was not done and the materials furnished under an express or special contract which fixed the price to be paid." The case shows such a misunderstanding between the parties as to the price to be paid, that we are satisfied the evidence tended to show that the minds of the parties never concurred upon the question of price, and that thus, as the Appellate Court found, there was no special contract fixing the price. It is then contended on behalf of appellants, that if there was such a failure to concur as to price between the parties, the necessary effect thereof was to annul the entire contract, and leave either party free to rescind it or to insist upon its nullity, and *Rupley* v. *Daggett*, 74 Ill. 351, is cited as supporting such view. There was a purchase of a horse in that case, the seller understanding the price to be $165, and the purchaser understanding it to be $65. The latter having obtained the animal, claimed the right to retain it upon payment of this sum. The seller brought replevin, and the action was sustained by this court upon the ground of the nullity of the contract. The court said there had been no meeting of the minds of the contracting parties, and hence there could be no sale. There was in the present case no annullment of the contract, or claim that it was a nullity. The articles were received and kept. Appellants' counsel say: "There was no denial by appellants of their liability to pay for this apparatus. They admitted of record a liability of $1250. The only controversy was, not

whether they should pay, but how much,"—thus impliedly admitting the existence of the contract, and that they stood by it, claiming, only, that their indebtedness upon it was but $1250. Surely they must be held under obligation to pay some price for the articles they receive and retain,—either the contract price, if any, as it shall be found, or a reasonable price. Besides, in the case cited, by the return of the property the seller would be placed *in statu quo,* and neither party would suffer injury; but here, appellee had expended a large amount of labor and material upon the articles manufactured; they were of special design, for a peculiar purpose of appellants, of no general demand, and appellee could not be placed *in statu quo* by their return. The case of *Rupley* v. *Daggett* would not seem to be applicable to a case like that at bar. If there was no contract price, evidence of what was a reasonable price would be proper, and we find no error in the admission of such evidence.

Objection is taken to the third, fourth and fifth instructions which were given for the plaintiff. The third is as follows:

"If you believe, from the evidence, that the defendants furnished a crude sketch, upon which plaintiff or its president made merely an estimate, based upon the thickness of the copper to be used, and that the estimate then made was upon the idea of using copper only one-quarter inch thick, and that it would require only about twenty-five hundred pounds, and that afterwards defendants ordered the copper to be one-half inch thick, and that plaintiff thereafter prepared one more elaborate and specific drawing for the work, upon which was marked in plain writing that the job was to be at fifty cents per pound, and that the defendants' agent, Dr. Tilley, saw such latter drawing before finally ordering the work, and frequently saw it during the progress of the work, then all such facts should be considered by you in making up your decision, and the plaintiff would not be bound to do the job at the price of $1250."

This instruction is objectionable in singling out particular facts in evidence, and calling them to the attention of the jury, and in being argumentative. It is a form of instruction this court has frequently disapproved. But we do not, in the circumstances of this case, attach enough of importance to the objectionable feature of the instruction to make it material error. What appellants claimed to be an agreed price of $1250, appellee insisted was but an estimate of the price; and the substance of the instruction was, that if there was but àn estimate by appellee of the price, on the basis of the copper being one-quarter inch thick, and that afterwards defendants ordered the copper to be one-half inch thick, then appellee would not be bound to do the job at the price of $1250. The first thing under the instruction was, whether appellee made merely an estimate, and the finding upon that was really the determination of the whole question under the instruction, and going on afterward to consider the facts which the instruction says should be considered, would seem to be unimportant.

The fourth instruction was:

"The value or no value of the job to the defendants is of no consequence to you—whether it be of value or not to them is wholly immaterial in the case. If they ordered it, they should pay for it."

It is objected to this instruction that it would naturally be understood by the jury to mean, that if appellants ordered the tanks they must pay the price which appellee asked for them. The jury would not be justified in so understanding the instruction. It informs the jury that defendants should pay—but what price, whether the contract price claimed by the plaintiff, or that insisted on by defendants, or a reasonable price, is not intimated.

The criticism made upon the fifth instruction is, that it is somewhat involved,—what is meant by it is difficult to understand,—that it must have confused rather than assisted the

jury. This would not be ground sufficient for reversing the judgment. We perceive no material error in the instructions. The judgment will be affirmed.

*Judgment affirmed.*