# THE PEOPLE'S CASUALTY CLAIM ADJUSTMENT COMPANY

*v.*

# C. S. DARROW.

*Opinion filed February 14, 1898—Rehearing denied April 6, 1898.*

1. EVIDENCE—*where services are rendered under special contract, evidence of their reasonable worth is inadmissible.* Where services are rendered under a special contract as to the price to be paid the contract must control, and evidence of the reasonable value of such services is inadmissible.

2. SAME—*evidence of reasonable value of services admissible where evidence of special contract is irreconcilable.* The reasonable value of services may be proved though the plaintiff sues on the common counts, relying upon an executed special contract, where there is no dispute as to such services but the evidence as to the special contract is so irreconcilable as to warrant the jury in believing that the minds of the parties had not met.

3. APPEALS AND ERRORS—*particular objection to hypothetical question should be specified at trial.* In an action by an attorney for services, an objection that a hypothetical question as to their value assumed that the plaintiff had acted in the Appellate Court whereas there was no proof of that fact, will not be considered on appeal, where the only objection below was a general one that the question was based on facts not shown to exist.

4. SAME—*error in instruction must be misleading to effect reversal.* To justify reversal for error in an instruction it must appear that the error was such as was likely to mislead the jury.

5. TRIAL—*court's action in limiting argument is not reviewable in absence of abuse of discretion.* The trial court may limit the time of argument of counsel, and the exercise of its discretion in that regard will not be reviewed on appeal, in the absence of abuse.

6. SAME—*when limiting argument to seven minutes is not an abuse of discretion.* Limiting the argument of counsel to seven minutes on each side is not an abuse of the court's discretion where the case is tried on the short cause calendar, but few witnesses are examined, and the facts are comparatively plain and simple.

*People's Casualty Claim Adj. Co.* v. *Darrow,* 70 Ill. App. 22, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

F. W. BECKER, for appellant.

WILLIAM C. SNOW, and FRANCIS S. WILSON, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of assumpsit, brought by C. S. Darrow, against the People's Casualty Claim Adjustment Company, to recover for legal services. The declaration contained the common counts, to which the defendant pleaded the general issue. The cause was tried on the short cause calendar, and the jury returned a verdict in favor of plaintiff for $675, upon which the court entered judgment. Upon appeal to the Appellate Court the judgment was affirmed, but the Appellate Court granted a certificate of importance and the defendant appealed to this court.

It appears from the evidence introduced on the trial that the appellee was employed by the appellant to try a case in the circuit court of Cook county, entitled *Abrahamson* v. *Falkenau Bros.*, on behalf of the plaintiff in that case. In pursuance of that employment, Darrow, the appellee here, tried the cause and recovered a judgment therein for the sum of $10,000, but the appellant here subsequently settled the judgment for $6000. The parties disagree as to the contract under which the services were rendered. Appellee testified that the agreement was that he should try the case and receive $20 a day and ten per cent of the amount recovered, while Beck, the president of appellant, testified that the agreement was that appellee was to receive $25 a day and ten per cent of appellant's share of what was recovered, which was one-third of the judgment.

On the trial appellee testified to a contract as he understood the arrangement that was made, and over the objection of appellant he also introduced evidence of the value of his services. The admission of the latter evi-

dence it is claimed was error.  It may be conceded as a well settled rule of law, that where services are rendered under a special contract as to the price to be paid, the contract must control, and evidence in reference to what the services may be reasonably worth in such a case is not admissible.  Here there was no dispute between the parties in regard to the services rendered by appellee for the appellant, but there was a radical dispute between the parties in regard to the terms of the contract.  Appellee testified that he was to receive for his services a certain sum per day and a certain per cent of the amount which should be recovered, while Beck, who acted for appellant in the employment of appellee, testified that appellee was to receive a different amount per day and a per cent only upon a part of the amount recovered. There being no other evidence in regard to the contract, the jury, under such circumstances, were justified in finding that the minds of the parties did not meet, and hence that there was no contract; and if there was no express contract, then appellee was entitled to recover on a *quantum meruit,* and evidence of the value of the services was proper.  (*Fairfax Forrest Mining Co.* v. *Chambers,* 75 Md. 604; *Kirk* v. *Wolff Manf. Co.* 118 Ill. 567.)  As has been seen, the declaration contained the common counts, and under the declaration appellee was not confined to a special contract, but might properly prove the services rendered and their value.

It is next contended that the court erred in overruling appellant's objection to a hypothetical question put to the two expert witnesses called to prove the value of appellee's services.  The objection made to the question is, that it assumed that appellee had rendered services in the Appellate Court when there was no evidence of that fact.  If the specific objection had been made when the question was asked, the court, no doubt, would have sustained it and required appellee to modify the question. But such was not the case. The objection interposed was,

that "the question is based upon an assumption of facts that have not been shown to exist." This was too general. When the objection was made appellant should have called the attention of the court and the opposite party to the facts which it was assumed did not exist, in order that the question might be modified and the objection removed. That, however, was not done, and the specific objection made for the first time on appeal comes too late.

Three instructions were given by the court on behalf of appellee, and it is claimed that Nos. 3 and 4 are erroneous. What has been said in regard to the right of appellee to recover for the value of his services if no special contract was proved, sufficiently disposes of the objections to the third instruction. The fourth instruction was as follows:

"The jury are instructed that if the evidence regarding the contract is so conflicting or uncertain that they are unable to arrive at the exact terms of the contract between the plaintiff and defendant, then they are entitled to consider the value of the services of the plaintiff as shown by the witnesses in this case, and to use this testimony as bearing upon the reasonableness of the statements of the plaintiff and defendant for the purpose of arriving at the true contract between the plaintiff and defendant."

This instruction was condemned by the Appellate Court, and we think properly. We do not think the value of the services had anything to do with or any bearing upon the reasonableness of the statements of the plaintiff and defendant, and the instruction ought to have been refused. But there is nothing contained in the instruction which could mislead the jury, and for this reason the error of the court in giving it to the jury should not be held ground for reversing the judgment.

In the argument of the case before the jury counsel were limited by the court to seven minutes on each side,

and this ruling of the court is relied upon as error. The trial court, in the exercise of a sound discretion, may limit the argument of counsel to the jury, and unless that discretion has been abused, this court, on appeal, will not interfere. (*Foster* v. *McGill*, 119 Ill. 75.) As has been seen, the case was tried on the short cause calendar, and it will be presumed that the entire time consumed in the trial, including the argument of counsel, did not exceed one hour, otherwise the trial would have been stopped and the cause taken from the jury and continued, as is provided for in the statute. But few witnesses testified in the case, and the facts were comparatively plain and simple. Under such circumstances, while the time prescribed by the court for the argument was short, we are not inclined to hold that there was such an abuse of discretion on the part of the court as to authorize a reversal of the judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*