SIMON LEWIS, APPELLEE, v. MAURICE GOLDSTEIN, APPELLANT.

Argued June 2, 1907—Decided December 4, 1907.

In an action upon an oral contract to do work and furnish material, where there is a direct conflict of evidence as to the price agreed to be paid, it is relevant to prove the actual value of the services rendered or of the materials furnished at the time of the making of the contract for the purpose of showing whose contention is probably correct.

On appeal.

Before Justices GARRISON and SWAYZE.

For the appellant, *George P. Rust.*

For the appellee, *Bilder & Bilder.*

The opinion of the court was delivered by

GARRISON, J. In an action brought in the District Court to recover the amount due on four oral contracts made at various times, by which the plaintiff agreed to furnish materials and to do the work of painting certain buildings of the defendant, the controverted fact as to each contract was the price that had been agreed upon, the plaintiff testifying to a much higher price than that sworn to by the defendant as having been the price agreed upon. In this state of the proofs the defendant, for the purpose of sustaining his contention and supporting his testimony that he did not contract to pay the prices testified to by the plaintiff, "offered evidence of what the work contracted for was reasonably worth and

the value thereof at the time of the making of the several con-
tracts between the plaintiff and the defendant." This offer
was overruled, the court holding, according to the state of the
case, "that the defendant could not offer testimony as to what
the work agreed to be done was reasonably worth or the value
thereof when the contracts were awarded to the plaintiff."
The evidence should have been admitted. The correct rule is
that where there is a direct conflict of evidence as to the
agreed rate of payment the actual value of the services ren-
dered or of the materials furnished at the time of the making
of the contract may be proved. 9 *Cyc.* 767; *Kirk* v. *Wolf
Manufacturing Co.*, 118 *Ill.* 567; *Richardson* v. *McGoldrick*,
43 *Mich.* 476; *Allison* v. *Horning*, 22 *Ohio St.* 138.

The ground of this exception to the ordinary rule is that
when the evidence is in direct conflict as to the private agree-
ment of the parties touching matters that had at the time a
market value or a going rate, proof of such general value or
rate is relevant, not because it can be substituted for the
agreed rate, but because it tends to show whose contention as
to such agreed rate was probably correct. In the present case
the discrepancy in the testimony as to the agreed rate was
marked. On one contract, for instance, where the plaintiff
claimed that the contract price was $230, the defendant swore
that $170 was the agreed price. If in view of this discrep-
ancy the defendant could show that $170 was the reasonable
value of the work, judged by the going rate at the time, and
that $230 was grossly in excess thereof, the probability that
he had agreed to pay such excessive rate would be greatly
diminished. Knowledge of these market rates and values was
certainly open to both parties, and was perhaps presumably
in the mind of each, hence when they diametrically differ
upon the question of price, and probabilities have to be re-
sorted to for the purpose of resolving such difference, the
probability that they acted with some reference to a known
or knowable standard is entitled to some weight; that is to
say, it was relevant. Of course, it was not controlling.

The judgment of the District Court of the city of Paterson
is reversed.