Jennie Malmquist v. Belden Manufacturing Company. On Appeal of Belden Manufacturing Company, Appellant, v. Vincent G. Gallagher and Ernest Messner, Appellees.

### Gen. No. 21,378.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed December 27, 1916. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by Jennie Malmquist, plaintiff, against Belden Manufacturing Company, defendant, for damages for personal injuries. Proceedings by Vincent G. Gallagher and Ernest Messner, attorneys for plaintiff, to enforce an attorney's lien for services rendered after settlement made between the parties. From a judgment for the petitioning attorneys, defendant Belden Manufacturing Company appeals.

RALPH F. POTTER, for appellant; WILKERSON, CASSELS & POTTER, of counsel.

URBAN P. GALLAGHER, for appellees.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 150*—*when notice of lien sufficient.* A notice of an attorney's lien which sets out an agreement made between the client and the attorneys, under which they were to prosecute the client, and states that by the terms of such agreement such attorneys were to receive for their services fifty per cent. of any sum realized on said claim or cause of action, is sufficient.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. ATTORNEY AND CLIENT, § 146*—*what is extent of enforceable lien of attorneys upon settlement between client and debtor.* Where a contract between attorneys and the client provides for the contingent fee of one-third of any amount which might be paid before suit and one-half of any amount which might be recovered after suit, and the debtor is served with notice of a lien claiming for services fifty per cent. of any sum realized upon such claim or cause of action and a settlement is made between the client and the debtor, without the knowledge or consent of the attorneys, for a specified sum which the debtor states the client is to receive "clear for herself," the attorneys are entitled to a sum equal to that paid to the client, especially where it is apparent that the debtor intended to discharge the obligation to the attorneys.