# Harry S. Mecartney, Appellee, v. James D. Wallace, Appellant.

## Gen. No. 24,181.

1. ATTORNEY AND CLIENT, § 123*—*what fee recoverable by one attorney from another for services rendered.* Where one attorney performed services at the request of another attorney, to obtain by some means a portion of an estate for the client of the latter attorney, without an agreement as to the amount of the fee, and it was to be contingent upon a result that followed, then a reasonable fee was recoverable under an *indebitatus* assumpsit count, or the *quantum meruit.*

2. ATTORNEY AND CLIENT, § 135*—*when evidence sufficient to sustain claim by one attorney against another for fee for services rendered.* Where, in an action by one attorney against another to recover for services performed at the latter's request to obtain by some means a portion of an estate for defendant's client, defendant testified that there was no legal basis for the litigation or claims of his client and that the compromise in question was dictated by sentimental reasons, but where the terms of the compromise required the client to release all claims and dismiss all pending claims against the estate, and both were done, and defendant attorney received his compensation out of the sum paid in compromise, the jury might well have found that there was a happening of all the contingencies upon which plaintiff's claim to a fee depended.

3. ATTORNEY AND CLIENT, § 137*—*when error to refuse instruction in action by one attorney against another for fee for services rendered.* In an action by one attorney against another to recover for services performed at the latter's request to recover by some means a portion of an estate for defendant's client, it was error to refuse an instruction setting up defendant's theory that if there was an express contract as to what services plaintiff was to perform and what his compensation was to be, then the evidence as to the usual, reasonable and customary value of the same should be disregarded, there having been some evidence tending to support the contention.

4. ATTORNEY AND CLIENT, § 137*—*when instruction in action by one attorney against another for fee for services rendered is erroneous.* In an action by one attorney against another to recover for services performed at the latter's request to recover by some means a portion of an estate for defendant's client, an instruction given for

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiff was erroneous, which after properly presenting the theory of plaintiff's right to recover for his services upon the happening of stated contingencies, improperly presented also the theory of his right to a reasonable fee without any contingency, a theory not only inconsistent with the evidence of both parties but with that on which plaintiff finally submitted his case.

5. ATTORNEY AND CLIENT, § 81*—*when attorney not guilty of negligence.* Attorneys do not guarantee that their judgment is infallible, and are not necessarily negligent because they do not discover all decisions on a subject, or may question their finality.

Appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Reversed and remanded. Opinion filed October 10, 1919. Rehearing denied October 21, 1919.

MORSE IVES, for appellant.

FRANCIS W. WALKER and JOHN S. BROWN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

Appellant seeks reversal of a judgment of $25,000 against him for services rendered by appellee as attorney in certain litigation of Florence L. Brandt against the estate of William Ziegler, deceased.

The declaration contains the common counts and counts in *indebitatus assumpsit.* The affidavit of claim sets forth that the legal services were in certain litigation for Florence L. Brandt against the said estate, for which defendant agreed to pay plaintiff $50,000 "for and when said defendant should realize upon or receive his compensation for his own legal services performed in said litigation," and that defendant has received his said compensation.

Defendant pleaded the general issue. His affidavit denies such an agreement and claims the agreement was if plaintiff rendered legal services for Florence L. Brandt to establish her right to one-half of said estate

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(approximating $10,000,000), he would pay plaintiff $50,000 when her right thereto was established and she came into possession of the property and defendant obtained his compensation therefrom, and that if the amount recovered was less than that claimed plaintiff's fee was to be proportionately less, and if no part of the claim was recovered plaintiff would receive nothing for his services.

It was also stated in the affidavit that after such litigation was had and terminated adversely plaintiff declined to proceed further on a contingent basis and made a request, not acceded to, for a different contract, and that afterwards, through another attorney in New York, Florence L. Brandt was induced to dismiss all suits with reference to her claim and accept a sum from her brother, William Ziegler, jr. (principal heir of the estate), in fulfillment of a promise made by said William Ziegler, sr., in his lifetime, conditioned upon her graduating with honor from a school she was then attending. While the record shows that towards the last Mecartney sought a new arrangement, we think it shows his performance of all services contemplated by the arrangement acted on and that he did not definitely withdraw from it.

The basis of the claim of Florence L. Brandt lay in these facts: Under the laws of the State of New York she and her brother William had been adopted by said William Zeigler, sr., and her adoption was subsequently abrogated. Later Zeigler died and by his will made her brother William, then a minor, the principal beneficiary of his estate valued at several millions of dollars, and left legacies to other relatives of the girl but made no provision for her. Proceeding at first upon the theory that the abrogation was illegal, litigation was had, mainly under the direction and advice of Mecartney, to annul the order of abrogation. It was unsuccessful. A claim to a portion of the estate was

based on two other theories that became the subject of consideration, one, that when Ziegler arranged to adopt Florence he entered into an oral agreement with her father to make her and William his heirs, which formed the basis of a bill for specific performance prepared by Mecartney and subsequently filed; the other, that Ziegler had promised to give her $250,000 if she graduated with honor from a certain school, which was supported by her father's affidavit. In the meantime the father died, thus embarrassing a legal prosecution of the latter claim. Mecartney had confidence in the equity suit but his associates apparently did not except as it might influence a compromise. Afterwards a settlement was negotiated with the estate by a New York lawyer named Marshall, who was called into the case about the time the estate was pressing the suit for specific performance to a hearing, whereby Florence received $375,000, about what would be due with interest on said claim of $250,000. Out of the settlement Wallace was paid $117,189.50, and after paying the New York attorneys and certain expenses he realized as his compensation $62,312.50. After he refused to pay Mecartney more than about $1,800, the latter brought this suit.

That defendant Wallace requested the services and advice of Mecartney to obtain by some means a portion of the estate for Florence L. Brandt, and that Mecartney gave services and advice in that connection are not questioned. But the parties differ as to what were the terms of the arrangement for appellee's services, the testimony of each conforming closely to the affidavit supporting his pleading. The verdict for $25,000 is not reconcilable with either party's theory of the contract as set forth in his affidavit, for under plaintiff's, he would be entitled to $50,000 and interest, and under defendant's to less than $2,000 if entitled to share in the settlement, otherwise to nothing. At

the close of the evidence, however, plaintiff waived his claim of a special contract on an agreed contingent fee of $50,000 and stated that he would rely on the theory that plaintiff and defendant had agreed that whatever compensation plaintiff should receive for his services should be upon the contingencies that Florence L. Brandt should recover in her asserted claim in whole or in part against said estate either by compromise or enforced judgments or decrees, and that Wallace should receive his compensation out of the results; and that the amount of contingent fee was not agreed upon, but should be a reasonable one, in view of such contingencies.

The jury may well have found that the minds of the parties never met except that plaintiff's services were to be rendered on a contingent basis (*People's Casualty Claim Adjustment Co. v. Darrow*, 172 Ill. 62). And their verdict was presumably based upon the theory on which plaintiff finally submitted his case, and which there was sufficient evidence to sustain, the theory that his fee was contingent upon any settlement that disposed of the litigation and Florence's claims. If, therefore, plaintiff performed services at defendant's request without an agreement as to the amount of his fee and it was to be contingent upon a result that followed, then a reasonable fee was recoverable under an *indebitatus* count (*Michael's Bay Lumber Co. v. Jenks*, 20 Ill. App. 369) or the *quantum meruit.* (*People's Casualty Claim Adjustment Co. v. Darrow*, 172 Ill. 62.) While Marshall testified that there was no legal basis for the litigation or claims and that the compromise was dictated by sentimental considerations, yet the terms of the compromise required Florence L. Brandt to release all claims against the Ziegler estate and to dismiss all pending litigation. She did both, and as defendant received his compensation out of the sum paid under the compromise the

jury may well have found that there was a happening of all the contingencies upon which plaintiff's claim to a fee depended.

But we think there was a reversible error both in giving instruction 1 at plaintiff's request, and refusing instruction 26 tendered by defendant. The former was inconsistent both with the evidence and plaintiff's own theory of his case, and by refusal of the latter the court ignored the theory of the defense. The case went to the jury on these respective theories: plaintiff's, that the minds of the parties never met as to the amount of his fee and that he was entitled to a reasonable fee based upon contingencies that happened; and defendant's that there was an express contract for a certain sum in case of a full recovery and proportionately less in case of a partial recovery through or as a result of the litigation, and that plaintiff did not perform his contract.

The given instruction properly presented the theory of plaintiff's right to a reasonable fee for his services upon the happening of such contingencies, but improperly presented also the theory of his right to a reasonable fee without any contingency, a theory not only inconsistent with the evidence of both parties but with that on which plaintiff finally submitted his case. Under that instruction the jury were authorized to determine his fee in disregard of any contingency as well as of defendant's theory of an express contract.

The refused instruction 26 was to the effect that if there was an express contract as to what services plaintiff was to perform and what his compensation was to be, then the evidence as to the usual, reasonable and customary value of the same should be disregarded. It was defendant's contention that there was an express contract as to the amount of plaintiff's compensation under which he was in no event entitled

to more than $1,875, and also that he refused to complete his contract. There being some evidence tending to support these contentions, the refusal of the instruction denied defendant's right to present his theory. It is elementary that he had that right. No other instruction covered the ground. The instruction should have been given. It is no answer to the ignoring of said defense that it was absurd or improbable. That was for the jury and not the court to decide. Nor do we find sufficient basis in the evidence for plaintiff's contention that there was a breach of contract by defendant, and that therefore the tendered instruction was faulty for assuming the contrary.

It is hardly necessary to allude to appellant's other contentions. Generally speaking, the other refused instructions either presented immaterial issues or were not based upon evidence. The contention that appellee did not act in good faith, or that his services were of no value because the litigation was without legal foundation, we think untenable upon this record. In determining the value of plaintiff's services, we think the primary consideration was whether the litigation figured in bringing about a settlement. The jury evidently so found, and we do not think there was error in excluding certain decisions of the New York courts offered for the purpose of showing the improbability of a successful termination of such litigation. Attorneys do not guarantee that their judgment is infallible, and are not necessarily negligent because they do not discover all decisions on a subject or may question their finality. Peculiar circumstances sometimes warrant efforts to induce a different or modified ruling of the courts, and they are sometimes successful. Both parties looked upon the treatment of Florence L. Brandt under the circumstances as so inequitable as to impress the estate or its principal beneficiary with the propriety of a settlement

Mecartney v. Wallace, 214 Ill. App. 618.

regardless of the soundness of the legal theories on which the litigation was based, and whose legal merits do not in our opinion constitute an issuable fact in this case.

What we have already said indicates our view as to the admissibility of evidence of the reasonable value of appellee's services rendered on a contingent basis, and the propriety of instructing the jury on that theory.

In view of the necessity of reversing the judgment and remanding the cause for errors stated, it is unnecessary to consider other points urged that may not arise on another trial.

*Reversed and remanded.*