ADA F. NEEL *vs.* HOWARD W. LANG & another.

Suffolk. March 5, 1920. — May 21, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Equity Jurisdiction,* Mistake. *Deed,* Revenue stamp.

The owner of certain real estate in Harwich, who lived in the State of New Jersey, wrote to her sister in Harwich to tell a neighbor that she would sell the real estate for $6,000. The sister offered the property for that price and later understood that the offer was accepted. No agreement nor memorandum in writing preceding conveyance was made. A deed was executed by the owner convey-

ing the real estate to the neighbor and reciting the consideration as "one dollar and other valuable considerations." The owner's sister, the neighbor and the neighbor's attorney met at the proper registry of deeds, the owner's sister attending without an attorney on the advice of the neighbor's husband; and the sister presented the deed. It then bore no revenue stamps such as were required by U. S. St. 1917, c. 63. The neighbor's attorney informed the owner's sister that stamps were required and affixed $3 in stamps, which would have been required by a consideration price of $3,000. He did not tell the owner's sister, nor did she know, that $1 in stamps was required for each $1,000 of consideration. The stamps were paid for and were cancelled by the owner's sister in her behalf. The deed then was delivered, the consideration to be paid later. The neighbor came to believe, through some lapse of memory or misunderstanding for which the owner's sister was not responsible, that the price was $3,000, refused to pay $6,000, and refused to reconvey the property. In a suit in equity by the owner for a cancellation of her deed and a reconveyance of the property, the facts as above recited were found by the judge and a decree was ordered for the plaintiff. Upon exceptions by the defendant, it was *held,* that

(1) There was no meeting of minds and no completed contract and that the plaintiff was entitled to relief;

(2) There was no negligence of the plaintiff or of her sister to justify the defendant in supposing that the plaintiff assented to a sale for a consideration of $3,000;

(3) Owing to the fact that neither the plaintiff nor her sister was responsible for the error of the defendant, the questions, whether the sister exceeded her authority in delivering the deed without payment of the consideration price, and whether and how far the plaintiff was bound by her act in so doing, were immaterial;

(4) The paying for and cancelling of revenue stamps denoting a consideration price of $3,000 under the circumstances did not preclude the plaintiff from relief.

BILL IN EQUITY, filed in the Superior Court on January 23, 1919, against Howard W. Lang and Maude Brewer Lang, his wife, alleging in substance that the plaintiff had conveyed certain premises in Harwich to the defendant Maude Brewer Lang, understanding that the defendant was to pay $6,000 therefor, and that the defendant had understood that the purchase price was $3,000. The prayers of the bill were that the deed be declared void, that the defendants be required to reconvey the premises to the plaintiff and for further relief.

In the Superior Court, the suit was heard by *Fox,* J. The defendants asked for the following rulings:

"1. Upon all the evidence, the plaintiff is not entitled to relief in equity.

"2. If the plaintiff executed the deed in question without a recital of the real or specific consideration and delivered the deed

to her sister for the purpose of completing the transaction by delivery to the grantee or otherwise, the plaintiff is bound by the acts or failure to act of her sister.

"3. If the plaintiff gave the deed in question to her sister for the purpose of completing the transaction between the parties, to wit: the plaintiff and the defendant Maude Brewer Lang, and the sister in either affixing or cancelling the revenue stamps upon the deed failed to affix or cancel the number or value of stamps required by the laws of the United States for a deed with the consideration claimed by the plaintiff, the plaintiff, being not excused by ignorance of the United States law, cannot avail herself as against the defendant Maude Brewer Lang of an alleged mistake as to the amount of that consideration.

"4. The plaintiff will not be given relief in equity against a mistake induced by her own negligence or that of her sister.

"5. Where the mistake against which relief in equity is sought arises out of a want of diligence called for by the express provisions of United States statutes, equity will not grant relief.

"6. If the consideration for the deed in question was as claimed by the plaintiff, $6,000, the provisions of the United States statutes called for the affixing and cancellation of stamps to the amount or value of $6 and not $3, and the failure of the plaintiff or her agent to affix and cancel the former amount is such a want of care or lack of vigilance on her part as to prevent her securing relief in equity against a mistake as to the consideration of the deed.

"7. Whatever authority the plaintiff may have conferred upon her sister with reference to making a trade for the land in question, if the plaintiff gave to her sister a deed of the property in question for the purpose of completing a transaction between the parties named in the deed, the acts of the sister in so completing the transaction, including the affixing and cancellation of the necessary revenue stamps, were the acts of the plaintiff.

"8. Wholly apart from any prior transactions, the delivery of a deed with revenue stamps affixed and cancelled indicating a consideration of $3,000, and the acceptance of such a deed by the defendant either through herself or her husband as agent, create or make a binding contract between the parties."

Of the foregoing requests, the judge denied those numbered

1, 2, 3, 5, 6 and 8; as to request numbered 4, found that there was "no negligence," and ruled that the request numbered 7 was immaterial.

The judge filed the following memorandum of findings and rulings:

"Gertrude Smith had authority from her sister, Mrs. Neel, to offer Sunnywood to the Langs for $6,000, and for no other price. She offered it for $6,000 and for no other price, and understood, later, that the offer was accepted. Because of the intimate relations between Miss Smith and the Langs, who were neighbors, no written agreement was ever made, and no writing of any sort passed between the parties until the deed had been delivered. The deed recited the consideration to be 'one dollar and other valuable considerations.'

"Miss Smith, Mrs. Lang and Mrs. Lang's attorney met by appointment at the registry of deeds November 22, 1918. The deed, when presented by Miss Smith, bore no stamps. Mrs. Lang's attorney informed Miss Smith that stamps were required, and affixed three one dollar stamps. Miss Smith paid for the stamps and cancelled them. The attorney did not tell her, and she did not know, that a dollar stamp was required for each $1,000 of consideration.

"Immediately after the delivery of the deed, Mrs Lang asked Miss Smith what she was to pay for the land, and Miss Smith said: 'Six thousand dollars, of which $500 has already been received.' To this statement, Mrs. Lang made no reply, and made no effort to keep the deed from the record. The next day, Miss Smith handed Mrs. Lang a memorandum as follows:

". . . Sold to Maude Brewer Lang house and land $6000.00 six thousand dollars (five hundred paid acc.)

[Signed]    Gertrude Smith,<br>For Frances Neel."

"Mrs. Lang took this memorandum but made no comment, and no reply was made until two days later when Mr. Lang wrote, saying that he understood the price to be $3,000. Then Miss Smith wrote, proposing that the deal should be called off. The defendants refused to reconvey, and hence this bill.

"On the assumption most favorable to the defendants, they

came to believe, through some lapse of memory, or misunderstanding, — for which Miss Smith was not responsible, — that the price was in fact $3,000; on that assumption it is clear that there never was any meeting of the minds, and that a reconveyance should be ordered, with costs.

"Decree accordingly."

The defendants alleged exceptions.

Pertinent federal statutory provisions relating to revenue stamps, in force at the time the deed was delivered, were (U. S. St. 1917, c. 63, § 802):

"That whoever — (a) Makes, signs, issues, or accepts, or causes to be made, signed, issued, or accepted, any instrument, document, or paper of any kind or description whatsoever without the full amount of tax thereon being duly paid; . . . Is guilty of a misdemeanor and upon conviction thereof shall pay a fine of not more than $100 for each offense;" and (Schedule A, paragraph 7 of the same statute) "Stamp Taxes . . . Conveyance: Deed, instrument, or writing, whereby any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers, or any other person or persons, by his, her, or their direction, when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale, exceeds $100 and does not exceed $500, 50 cents; and for each additional $500 or fractional part thereof 50 cents."

*E. C. Stone*, for the defendants.

*J. L. Hall*, for the plaintiff.

CARROLL, J.   The plaintiff, a resident of New Jersey, wrote her sister, Gertrude A. Smith, at Harwich, "Tell Mrs. Brewer I would sell Sunnywood [certain real estate in Harwich owned by the plaintiff] for $6,000.00." Mrs. Brewer is the mother of the defendant Maude B. Lang. There was evidence that Miss Smith informed Mrs. Lang of this offer, and she replied, "I will tell mother;" and that later she gave Miss Smith a check for $500 "to clinch the bargain." A deed reciting the consideration to be one dollar and other valuable considerations, was prepared and sent to the plaintiff, and after being signed by her was returned to Miss Smith. On November 22, 1918, Miss Smith, Mrs. Lang

and the defendants' attorney met at the registry of deeds in Barnstable. Three one dollar stamps were affixed to the deed by the attorney; they were cancelled by Miss Smith and the deed was delivered to Mrs. Lang. Afterwards Miss Smith gave Mrs. Lang a memorandum of sale reciting that the price was $6,000.

On November 25, the defendant Howard W. Lang wrote Miss Smith saying that Mrs. Lang had shown him the memorandum of sale and that it caused him much surprise, as he understood the price was $3,000; that fearing he had made an error, he talked with Mrs. Brewer and she understood the price was $3,000. To this letter Miss Smith replied, denying that $3,000 was the price and asserting that the only proposal ever made was for $6,000; she offered to return the $500 and asked for a reconveyance of the property. There was testimony by the defendants that the price named was $3,000. The judge of the Superior Court found that Miss Smith was authorized to sell the real estate for $6,000 and at no other figure; that she understood this offer was accepted; that she did not know "a dollar stamp was required for each $1,000 of consideration," and that "through some lapse of memory, or misunderstanding . . . [the defendants believed] the price was in fact $3,000."

If the plaintiff offered to sell the real estate for $6,000 and this offer was misunderstood by the defendants, they supposing the price to be $3,000, and under this misunderstanding the deed was executed and delivered, then the parties did not assent to the same contract. There was no completed contract; it had no real existence, and the plaintiff is entitled to relief. "It is an elementary principle of the law of contracts that, if one party thinks he is buying one thing and the other party thinks he is selling another thing, there is no meeting of minds on the subject matter of the sale. When there is no agreement as to the identity of the subject matter of the contract there can be no contract." *Dzuris* v. *Pierce*, 216 Mass. 132, 135. This principle is applicable in the case at bar. *Estey Organ Co.* v. *Lehman*, 132 Wis. 144. *Wilkinson* v. *Williamson*, 76 Ala. 163. *Rovegno* v. *Defferari*, 40 Cal. 459. *Rupley* v. *Daggett*, 74 Ill. 351. *Rowland* v. *New York, New Haven, & Hartford Railroad*, 61 Conn. 103.

The defendants contend that an error in the price to be paid is not such a misunderstanding concerning the subject matter of

the contract as will prevent the mutual assent of the parties. The price for which the premises were to be sold was a matter of substance and was a material element of the agreement. *Rovegno* v. *Defferari, supra.* *Rupley* v. *Daggett, supra.* In *Hecht* v. *Batcheller,* 147 Mass. 335, relied on by the defendants, the plaintiffs and the defendants believed the makers of a note sold were solvent, whereas they were in fact insolvent. It was held that there was no mistake about the identity of the note, as it was the same note which was bought and sold; that the misapprehension affected, not its identity but its value, and that a mistake as to the value or quality or other collateral attributes, would not prevent the plaintiffs from recovering. In the case at bar there was no misunderstanding relative merely to the value or quality or other attributes of the property. There was an entire absence of any agreement. The only offer the plaintiff made was to sell at $6,000; it was not accepted and the misunderstanding of the defendants that the price was $3,000 prevented the mutual assent necessary to the contract.

There was no negligence of the plaintiff to justify the defendants in supposing that she assented to the sale for the consideration of $3,000. The judge found that she was not responsible for the defendants' misunderstanding and that there was no negligence on her part. Her agent and the defendants were neighbors and were on terms of friendly intimacy. The advice of the defendant Howard W. Lang had been sought by her on business matters. On his advice she discharged the attorney who drew the deed and who was acting for her. The defendants' attorney was present when the deed was delivered. He provided the stamps and affixed them to the deed. Miss Smith was not at this time asked concerning the consideration and she did not know what revenue stamps were necessary; and the only price mentioned by her, at which her sister would sell, was $6,000. On these facts it could not be ruled that as matter of law the plaintiff was guilty of such negligence as to preclude her from the relief sought. *Shapira* v. *Wildey Savings Bank,* 213 Mass. 498. *Arnold* v. *Teel,* 182 Mass. 1.

The defendants requested rulings based on the assumption that the plaintiff was bound by the act of her agent in delivering her deed for the purpose of completing the transaction. As the agent was not responsible for the defendants' error regarding the price

for which the property was offered for sale, it is unnecessary to discuss the question of the extent of her power or whether the plaintiff would be bound if the agent did, in fact, go beyond her authority. See *Lovett, Hart & Phipps Co.* v. *Sullivan,* 189 Mass. 535.

The defendants claimed that the consideration as shown by the stamps affixed was $3,000, and requested the judge to rule that the delivery of the deed created a binding contract. So far as the plaintiff's right to relief is concerned, under the circumstances shown the affixing and cancellation of the revenue stamps did not preclude her from relief. They were affixed by the defendants' attorney, and Miss Smith relied on him. Although she paid for the stamps as directed, she was not told that a dollar stamp was required for each $1,000 of consideration, and was ignorant of the fact. The requests based on this incident were refused rightly. On the question of the effect of failure to attach revenue stamps to a written instrument, see *Rowe* v. *Bowman,* 183 Mass. 488.

A decree directing a reconveyance with costs was properly ordered.

*Exceptions overruled.*