GRIDLEY, P. J., and BARNES, J., concur.

------

### Maria P. Barnes, v. Mary C. Barnes et al. On appeal of Henry W. Magee, Intervening Petitioner, Appellant, v. Maria P. Barnes et al., Appellees.

#### Gen. No. 27,332.

1. ATTORNEY AND CLIENT—*contract of employment as controlling amount of attorney's compensation.* In an intervening petition by an attorney at law against a client who was one of the parties to the principal proceeding and who had agreed to a compromise of the controversy without the knowledge or consent of said attorney, to determine whether said attorney should be paid for his services in conformity with his express contract of a certain date or be paid such other sum as might be found to be the rea-

sonable value of the services rendered by him, the express con-
tract was controlling, and such attorney was therefore entitled
to one-third of the net amount to be received upon the consum-
mation of said proposed settlement and no more.

2. ATTORNEY AND CLIENT—*settlement by client as affecting con-
tract for amount of attorney's compensation.* A settlement by the
client without the attorney's consent was not a breach of the
agreement of retainer, and he was not entitled to recover on a
*quantum meruit.*

3. CONTRACTS—*existing law a part of.* The existing law at the
time of executing a contract always forms a part thereof.

4. ATTORNEY AND CLIENT—*invalidity of contract with client pro-
hibiting settlement by client.* A provision in a contract between
attorney and client for services, preventing the client from mak-
ing a settlement of her controversies, would be 'void as contrary
to public policy, and tending to foster and encourage litigation.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS
G. WINDES, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1921. Affirmed. Opinion filed April 18, 1922.
Rehearing denied April 29, 1922. *Certiorari* denied by Supreme
Court (making opinion final).

GRANVILLE W. BROWNING, ELMER W. ADKINSON and
HENRY W. MAGEE, *pro se,* for appellant.

ROSWELL B. MASON, ROBERT F. KOLB, EDWARD MAHER
and MAYER, MEYER, AUSTRIAN & PLATT, for appellees.

MR. JUSTICE MORRILL delivered the opinion of the
court.

Appellant filed his intervening petition in the case
of *Maria P. Barnes v. Mary C. Barnes,* pending in the
circuit court of Cook county as General Number
295367, being a proceeding in chancery for an account-
ing between the parties. The petition sets forth that
petitioner is a duly licensed attorney at law and his
employment by defendant to represent her in said case
and in all other matters connected with the administra-
tion of the estate of Erastus A. Barnes, her husband,
who died January 7, 1910. The petition alleged in
detail the services rendered by the petitioner on behalf

of said Mary C. Barnes during the past 12 years, and that on November 22, 1920, she filed her petition in the probate court of Cook county setting forth that she and said Maria P. Barnes had compromised and settled all controversies between them and all pending litigation upon the basis of a substantially equal division of the remaining assets of said estate, and praying leave to carry such settlement into effect and make distribution of the assets of the estate. Petitioner further alleged that if any such settlement had been made between the parties it was made without his knowledge, participation or consent; that the said Mary C. Barnes is insolvent and has no money or property other than her interest in the assets of said estate; that if these assets are placed in her hands she will forthwith return to her former home in California and secrete or dispose of said assets so that petitioner will be left without means of enforcing payment for his services rendered to her, which he alleges are worth not less than $30,000, and on account of which he has actually received less than $7,000; that on August 4, 1920, he caused a notice of an attorney's lien to be served on all parties in interest. The said Mary C. Barnes, the said Maria P. Barnes, the Commercial Trust and Savings Bank, the United States Fidelity and Guaranty Company of Baltimore, the Fidelity & Deposit Company of Maryland and the Merchants Loan and Trust Company are made defendants to the petition, which prays that the court determine whether or not the said proposed settlement of the case is real and bona fide or only pretended and colorable and made for the purpose of depriving petitioner of the adequate and just compensation due him for his services rendered to his client; that the court, if it finds said settlement to have been made in good faith, will construe the several contracts of employment between himself and the said Mary C. Barnes and determine what is due thereunder to him, and especially

whether his compensation shall be fixed at one-third of the amount recovered by said Mary C. Barnes or is to be as much as his services shall be found to be reasonably worth; that the court shall adjudge that petitioner is entitled to a lien on the interest of said Mary C. Barnes in said estate for the payment of the compensation due him and provide for the enforcement of such lien by sale of the assets of said estate and the payment to petitioner of such compensation as the court shall deem proper.

The record shows that on January 12, 1909, the said Mary C. Barnes gave to the petitioner a written agreement to employ him as her attorney in connection with the settlement of said estate, agreeing to follow his advice in all legal matters and to abide by his determination as to what are reasonable fees for his services and to pay him liberally for such services subject to the limitation that he was not to charge over 10 per cent of the amount received on sums less than $20,000, but a larger percentage if sums in excess of that amount are received; and that on December 8, 1911, another contract was executed between said Mary C. Barnes and the petitioner relating to the same subject. The latter contract provided that the petitioner should continue to act for said Mary C. Barnes in her litigation growing out of the settlement of said estate and her controversy with said Maria P. Barnes; that petitioner should be paid from the proceeds and property of the estate for his services a sum equal to one-third of all the net proceeds that he should recover in the litigation and that two-thirds of said net proceeds should be paid to Mary C. Barnes; that before making any distribution of the net proceeds between them, all costs of court and all expenses of litigation should be paid out of the total sum collected; and that petitioner should credit on this agreement all money which has already been paid to him and Mary C. Barnes should credit all sums received by her on account of the estate.

A large amount of testimony was taken which it is unnecessary for us to review in detail, but which tends to prove the allegations of the petition as to the employment of the petitioner and the services rendered by him during a period of approximately 12 years. On April 23, 1921, a decree was entered by the chancellor upon this petition and the respective answers thereto and upon the evidence adduced, finding, in substance, the facts alleged in the petition as to the death of Erastus A. Barnes and the heirship of those surviving him; the employment of the petitioner by Mary C. Barnes as her counsel under the agreement of January 12, 1909; the services rendered by petitioner in various matters arising out of the settlement of said estate; the contract of December 8, 1911, hereinbefore mentioned; the subsequent services rendered by the petitioner; the withdrawal from the funds of the estate of the sum of $35,000 for the payment of expenses of the litigation and its disbursements by the petitioner, including the payment to himself of the sum of $6,000 on account of services; the petition filed by the said Mary C. Barnes in the probate court for leave to settle the controversy between herself and the said Maria P. Barnes; the order of the probate court of Cook county authorizing the settlement and the distribution of the assets of the estate in conformity with the terms of said proposed settlement; the appeal of the said Henry W. Magee from said order of the probate court, which was then pending in the circuit court of Cook county as case number 71772, in which a judgment was entered by said circuit court April 23, 1921, affirming the order of said probate court; that the said proposed settlement and compromise was within the powers of the parties thereto and the agreement therefor was binding on them and on said petitioner, notwithstanding the provisions of the contract of employment between said petitioner and said Mary C. Barnes; that the petitioner is entitled to a lien upon the share of the

said Mary C. Barnes and the assets of said estate under the terms of said proposed settlement, as set forth in the order of the court entered in said case number 71772, for an amount equal to one-third of the present value of the share of said Mary C. Barnes therein, after certain deductions therefrom for the payment of the court costs and expenses of administration; and that said petitioner is not entitled to a lien against the said share of Mary C. Barnes for any reasonable value of the services rendered to her by him in excess of the said one-third share above mentioned, and that the contract of December 8, 1911, between petitioner and Mary C. Barnes superseded all previous contracts of employment between them. The decree then directed that the petitioner be given a lien upon the share of said Mary C. Barnes for a sum equal to one-third of the net amount to be received by her after making the deductions mentioned, and that if said lien be not satisfied within 10 days after the consummation of said settlement, then the property received by said Mary C. Barnes be sold by her as administratrix at public sale and out of the proceeds thereof, after payment of the costs and expenses, one-third of the proceeds be paid to said petitioner.

The only question before us for determination is, whether the appellant shall be paid for his services rendered to Mary C. Barnes in conformity with his express contract of December 8, 1911, or shall be paid such other sum as may be found to be the reasonable value of the services rendered by him. It is contended by the appellant that Mary C. Barnes having settled the case without the consent of her counsel, the latter is entitled to receive as a fee such amount as may represent the reasonable value of the services rendered by him to her, which is at least $30,000, being an amount considerably in excess of the total sum which is coming to said Mary C. Barnes upon the consummation of the proposed settlement. In view of the fact

that Mrs. Barnes probably ought to be allowed to receive something upon the settlement, the appellant has indicated his willingness to reduce his claim to the sum of $17,500, upon which he has already received a part payment of $6,000. The appellees contend that the appellant is entitled to receive for his services one-third of the net amount received by Mrs. Barnes upon the consummation of the proposed settlement and no more, by virtue of the express contract between the parties of December 8, 1911, which fixed the amount to which he is entitled, and must control the determination of the question, and further insist that such an amount is all that the petitioner could recover, even if he were entitled to recover the reasonable value of his services, as his services in fact were not worth any more than the amount to which he is entitled under the express contract.

The claim of the petitioner to an increased compensation is based upon his own testimony as to the extent and value of his services and that of certain other attorneys who were called upon to give expert evidence upon the subject. We shall not undertake to review this evidence in detail, as we are satisfied that the decision of the question must be determined by the express contract of the parties. The large number of authorities cited by appellant have been carefully considered, and we find that they are not applicable to the case at bar. Without attempting to review them in detail, we find that the rulings were based upon considerations that are not present in the case at bar arising in several instances from special provisions of the contract between the attorney and client, in all of which the terms of the express contract were sustained. Many of these decisions tend to sustain the claim of the appellees that the terms of the contract of December 8, 1911, must control.

It is a well-settled rule of law that where services are rendered under a special contract as to the price

to be paid therefor, the contract must control, and evidence in reference to what the services may be reasonably worth in such a case cannot be considered. Evidence as to the usual reasonable and customary value of such services must be disregarded. *People's Casualty Claim Adjustment Co. v. Darrow,* 172 Ill. 62; *Mecartney v. Wallace,* 214 Ill. App. 618; *Malmquist v. Belden Mfg. Co.,* 202 Ill. App. 319. If the settlement had been made without the consent of petitioner, his recovery would have been limited to one-third of the amount received by his client. *Case v. Emerson-Brantingham Co.,* 269 Ill. 94; *Standidge v. Chicago Rys. Co.,* 254 Ill. 524. A settlement by the client without the attorney's consent is not a breach of the agreement of retainer and he cannot recover on a *quantum meruit* more than the stipulated amount. *In re Winkler,* 154 N. Y. App. Div. 532, 139 N. Y. Supp. 755.

The contract of December 8, 1911, contains no provision preventing Mary C. Barnes from settling her controversies with her opponent. The law gave her the right to make such a settlement, and the existing law at the time of the execution of a contract always forms a part thereof. *Andrews & Johnson Co. v. Atwood,* 167 Ill. 249. It is not true, as appellant contends, that Mrs. Barnes had no right to make such a settlement, and if the contract had contained a provision preventing her from doing so, the same would have been void as contrary to public policy, and tending to foster and encourage litigation. The law favors the settlement of suits. *North Chicago St. Ry. Co. v. Ackley,* 171 Ill. 100; *Brush v. City of Carbondale,* 229 Ill. 144.

The decree of the circuit court is affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.